

08CV1294

JUDGE BUCKLO

MAG.JUDGE NOLAN

UNITED STATES DISTR~
NORTHERN DISTRICT O~
EASTERN DIVIS~

_04 cr 4044_

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Crim. No. 04-CR-4644 |
| | § | |
| Plaintiff, | § | |
| | § | RECEIVED |
| v | § | |
| | § | MAR 0 4 2008      MAR   4 2008 |
| MARVEL THOMPSON, | § | |
| | § | *Bucklo, J.    MICHAEL W. DOBBINS |
| Defendant. | § | CLERK, U.S. DISTRICT COURT |
| | § | |

---

## MOTION FOR ORDER DIRECTING RETURN OF SEIZED-UNFORFEITED PROPERTY, Pursuant To Rule 41(g), F.R.Cr.P.

---

**COMES NOW** Marvel Thompson, the defendant in the above cap-
tioned cause, proceeding pro se for the purposes of this immediate
motion and hereby duly soliciting this Honorable Court for an
Order directing the United States to return, via releasing unto
the movant (including his designee), all personal property that
the United States: 1) seized incident to his arrest on the under-
lying charge; 2) elected to abandon forfeiture of in furtherance
of accomplishing resolution of such charge by way of plea; yet 3)
inexplicably continues to maintain and exercise custodianship and
dominion over in spite of the fact that the only legitimate basis
for its retention of such property in the first instance has exp-
ired by virtue of this Court having issued final judgement in
adjudication of the underlying proceeding.

In that your movant is not appealing his conviction and hence
the subject property cannot be justifiably retained under the
"needed-as-evidence" exception, coupled with the subjective exig-
ence going to the properties' return here for the fact that Movant

is unduly obstructed from satisfying an outstanding monetary obligation to the Internal Revenue service (IRS)[1] until the return occurs, your movant is entitled to the forthright return of his property as a matter of federal law, Constitutional due process, and simple American propriety.

As for a showing of good cause warranting the issuance of the requested Order, Movant propounds as follows.

## I. JURISDICTION

Federal Rule of Criminal Procedure 41(g) "can [] be invoked after criminal proceedings have concluded to recover the defendant's property when the property is no longer needed as evidence —— unless, of course, it has been forfeited in the course of those proceedings." **United States v Sims**, 376 F.3d 705, 708 (7th Cir. 2004)(citing **Okoro v Callaghan**, 324 F.3d 488, 490 (7th Cir. 2003)). The jurisdiction conferred upon the court by Rule 41(g) is unaff-ected by divestiture that usually occurs upon a defenadnt filing a notice of appeal, that is, as long as the noticed appeal is not challenging the conviction. This is so because an appellate chall-enge to the sentence in no way implicates property seized but ultimately not forfeited during the course of the proceedings.

The movant here is not contesting his conviction; thus, the property subject of this instant motion has no evidentiary relev-ance to Movant's appeal.

## II. THE FACTS

In connection with his May 12, 2004   arrest on the sole

---

1. Movant is compelled to denote the fact that the aggrievement currently sustained by him on account of his property continuing to be unduly held is substantial, particularly in light of the facts that not only would he have satisfied the IRS obligation but for the government's retention, but the otherwise satisfiable obligation is being compounded by penalties/interest.

charge underlying the single count to which Movant pled and cur-
rently stands convicted to (count 1: conspiracy to PWID), it
would occur that the United States, through its agents (F.B.I.),
assumed tentative custody of an array of legitimately acquired
and maintained personal property of the movant's via seizing same.
Additionally, the government effected the filing of several lis
pendens so as to restrain by way of encumbering Movant's property
rights relative to two parcels of real property.

Thereafter, in the course of prosecuting its case, the govern-
ment named Movant in a forfeiture count pursuant to 21 U.S.C § 853,
therein specifying (as is relevant to Movant) a total of $318,955.25
in U.S. currency which it intended to seek forfeiture of; the
success of such venture being of consequence to the sentence ultima-
tely imposed upon conviction for the conspiracy count. The forfeiture
count was exclusive of all property seized from the movant save for
the above mentioned currency, an automobile and the 2 parcels of
property subject of the lis pendens notices, thus meaning that
the movant's acquisition and ownership of various computers, jewelry
electronics, etc. seized on the same occasion was not in question.

After rejecting a number of plea offers seeking to have Movant
relinquish his interest in the subject property and money so as to
allow for its forfeiture, Movant ultimately pled guilty to no more
than facts necessary to establish the threshold elements of the
conspiracy count; pointedly maintaining his innocence to any facts
beyond those, including any facts that would impute an illegitimate
source of origin to his property. Indeed, Movant was duly capable
of substantiating the legitimacy of his money's origin and his
consequent retention of same. This is presumably why the government

3

abandoned its customary practice of <u>requiring</u> Movant to voluntarily
forfeit his money as a condition of his plea. A means to an end.

On March 29, 2005, this Court accepted Movant's plea of guilty
as described above, thus adjudicating him guilty pursuant to the
substance of his verbal admissions as constrained to count 1. **See**
**Exhibit A:** Change of Plea Hearing, pp. 40:22 - 42:6. Importantly,
those verbal admissions contain no reference whatsoever to the
subject currency -- or any of his seized personal effects for the
matter -- that would support the presumptive notion that the pro-
perty was in any way connected to the offense of conviction. Natur-
ally, then, no preliminary forfeiture order effected.

On April, 2007, this matter came on in this Court for senten-
ing; the only count before the Court was, of course, the conspiracy
count subject of the plea hearing. Nevertheless, the government ——
apparently failing to appreciate the fact that Movant's plea left
undiminished his presumption of innocence as to the repudiated for-
feiture allegation —— alluded to the seized currency in a seeming
attempt to have the Court illegitimately make forfeiture thereof
a component of the sentence it was to impose on count 1. It goes
without saying that this Honorable Court was unwilling to circum-
vent Movant's due process rights as thus proposed by the government.
The government's dissatisfaction with its failure to procure this
extra punitive component as to count 1 is of its own making; that
is, the government waived away availability of this punitive sanc-
tion by electing to dispose of this proceeding via plea of guilt
to count 1 which provided for the abandonment of the forfeiture
allegation.

While Movant has in fact taken the sentence imposed on the sole

4

count of conviction to the Seventh Circuit for reasonableness
review, his conviction remains unchallenged to date. Accordingly,
the subject currency, inter alia, seized by the government incid-
ent to his arrest is no longer of any legal relevance to this liti-
gation. This notwithstanding, the movant has patiently awaited
the government's return of his property to no avail. The govern-
ment, then, has perceivably manifested its intent to deforce Mo-
vant's property. To this extent, the government continued retention
of Movant's property exemplifies the very type of property depriva-
tion that Rule 41(g) contemplates as being unreasonable.

Your pro se movant thus appears to request an Order facilitat-
ing his property's return. These are the facts.

### III. DISCUSSION

As a general matter, the Department of Justice's position on
valid forfeiture agreements in the context of criminal plea bargain-
ing is that any "settlement to forfeit property **must be in writng
and the defendant must concede facts supporting the forfeiture.**"
**Libretti v United States**, 516 U.S. 29, 43, 133 L.Ed.2d 271, 116 S.
Ct. 356 (1995)(referencing DOJ Directive 94-7)(emphasis supplied).
It is surely beyond conceivable dispute that neither did the govern-
ment choose here to execute such a written forfeiture settlement
nor has Movant conceded facts supporting forfeiture of any of his
personal property. As such, the government's own modus operandi as
to forfeiture assures that no such forfeiture, according to the
government itself, has occurred.

Next, because the 21 U.S.C. § 853 count that the government
did levy was constrained to but the seized auto, U.S. currency, and
the two parcels of real property, see § III(c)    , infra, operation

5

of F.R.Cr.P. 7(c)(2) makes manifest the distinction that the
government believed to exist between such items and the rest of
Movant's personal property that it seized contemporaneously. In
other words, the fact that the latter items withstood even mention
in what now appears to have been a routine gesture of forfeiture
(i.e., implicating all locatable property as potentially forfeit-
able via formal allegation in a drug case) is probative if not
conclusive of the fact that such res is beyond suspicion. As spec-
ifically identified infra, the return of thus property is a foregone
conclusion not subject to reasonable suggestion otherwise.

Aside, then, from directing the return of the property identi-
fied below, the only material issue for this Court to pass on is
Movant's entitlement to disgorgement of any benefit the government
either actually or constructively received by virtue of its retention
of the movant's U.S. currency.

**A. Disgorgement**

"The government sometimes seizes property for purposes of
forfeiture and is later found, for whatever reason, to have no pr-
oper claim to the property. When the property is returned to its
owner, the question arises ... as to what extent an owner may re-
cover the government's profit from the use of seized property."
**United States v $515,060.42 in United States Currency**, 152 F.3d
491, 504 (6th Cir. 1998). Finding in the affirmative as to a
property owner's right to have the government include along with
the return of the owner's property any actual or imputable benefit
it obtained during its retention of it, the **$515,060.42** court found
dispositive the fact that the government never enjoyed a proprietary
claim to the property during the period it retained same. This app-

6

roach, which is an equitable one promotive of the 5th Amendment's property rights objectives, serves to "put the property owner in the position he or she would [be in] if the property had not been seized in the first instance." **United States v Ford**, 64 Fed. Appx. 976, 981 n. 5 (6th Cir. 2003).

Indeed, the government is not the owner of seized property until the time at which forfeiture is decreed. See **United States v 92 Buena Vista Avenue**, 507 U.S. 111, 124, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993). "Thus, to the extent that it is determined that property seized and held by the government pending a judgement of forfeiture is ultimately adjudged not forfeitable[2], and therefore, is returnable to its rightful owner, it is appropriate for the government to disgorge interest it constructively or actually received on the property during the period commencing on the date of seizure and ending on the date that the property was deemed not forfeitable." **Ford**, supra, at 981 (citing **$515,060.42**).

In the case of seized funds which did not earn interest, these funds "'should be considered as constructively earning interest at all times' until a judgement is rendered." **$515,060.42**, at 505 (citing **United States v $277,000 in U.S. Currency**, 69 F.3d 1491, 1496 (9th Cir. 1995)). This is all that Movant asks here; the Court is thus requested to concommitantly order an accounting. For Movant suggests that it is more than probable that the government -- undoubtedly economically astute -- poised the $318.955.25 of its § 853 count so as to earn more than the nominal amount of its alternative borrowing rate.

---

2. As set forth infra at subsection **D**, the doctrines of claim preclusion and double jeopardy, respectively, bar further litigation as to the forfeiture of the property here based on the facts of the charged offense, thus making the property "not forfeitable."

Movant's basis for this proposal is not of mere suspicion, but is founded upon an objective belief that the instruct of **$277,000**, edified the DOJ insomuch as to have encouraged it to exercise its financial prowess for the benefit of the government.

Disgorgement of the interest is proper and due here.

## B. Government's Retention of Currency As Sole Impediment To Movant's Satisfaction of Obligation To IRS

The IRS has instituted an action against the movant claiming entitlement to a sum of money. **See Exhibits B** and **C**. While the amount is disputed, Movant acknowledges his monetary obligation to a degree. The variance between that agency's assessment and the movant's is due almost entirely to the fact that a considerable amount of penalties and interest has unfairly been assessed against him as a result of his inability to thus far have its governmental counterpart here release his money. In turn, he is obstructed from having long ago remitted to the IRS its rightful due, thereby preventing the accrual of penalty and interest assessments.

The bottom line is that any neglect in satisfying his tax obligation to the IRS which is the predicate for the penalty and interest assessments levied, because it is attributable to him as excusable neglect (_i.e._, govermental impediment), makes these additional assessments inequitable and, thus, improper. Technically, the government (IRS) is penalizing Movant for his governmentally induced inability to remit to it money that it itself (DOJ) is holding.

Fundamental fairness advocates for the forthright return of Movant's money and pertinent financial documentation (the latter being just as imperative to resolve the IRS issue), in that he will

be able to satisfy his outstanding obligation to the IRS and, by such action, moot further need for the litigation currently pending as based upon such obligation.

## C. Property List

The property that  Movant requests this Honorable Court to dir-ect the return of is listed below, though inexhaustively so. For in that Movant's travails in relation to his attempts to become situated at a Bureau of Prisons facility have included the loss and/or misapp-ropriation of various important legal documents[3], it is necessary for him to accommodate the possibility that he will have failed to ident-ify certain seized property, by formally requesting that the Court order the government to produce an exhaustive inventory of all prop-erty it seized from Movant.

### 1. Seized-Unforfeited Property Not Subject of Count 46

The government has seized the following, though has found no evidence that warranted formal allegation of forfeitability; thus the Court is asked to find uncontestable the forthright return of:

a) All computer hardware and software, including but not limited to 1 Macintosh, 1 IBM, 1 Dell and 3 Hewlett Packard models;

b) Any and all financial documentation, including but not limit-ed to bank statements, returned/cancelled checks, withdrawal receipts, loan documentation, real estate papers, and all files;

c) Any and all cameras, video equipment, electronics and access-ories;

3. Movant has been subjected to precipitous transfers from one facility to another as a result of events and grave circumstances of prison life beyond his control or liberty to be informed of. It has occurred that some of his legal materials have yet to reach him after having been left behind. His current designated fa-cility is equally volatile and the innumerable "lockdowns" occasion comprehensive property searches which often result in "accidental" destruction of personal property (e.g., legal documentaion, inter alia).

9

d) any and all photographs;

e) $1,100 in U.S. currency seized from 6727 S. Parnell Ave. # 1B; $5,363 in U.S. currency seized from Movnat's person on May 12, 2004; $3,412.25 in U.S. currency assumed from CPD on May 12, 2004 as effecting seizure of Movant's property; and

f) Any and all property seized in lieu of having been proceeded against in any forfeiture action as of the filing of this motion.

## 2. Real Property

The United States has filed lis pendens notices against two of Movant's real properties: 6723-6729 S. Parnell, Chicago, Illinois 60621 and 6440-42 S. Parnell Ave., Chicago, Illinois 60621. The predicate for these lis pendens notices was the § 853 count, which is no longer extant. Inasmuch as these notices  effect a restraint on Movant's properties tantamount to the restraint effected by seizure, this Honorable Court is asked to issue a directive as part of of its Order compelling the government to effect forthright removal of the defunct notices. For the litigation upon which they were predicated is no longer.

## 3. Currency and Automobile Subject of Count 46

Named in count 46 as forfeitable was the aforementioned $318,955-.25 and one 2001 black Ford Excursion truck. Both items were seized incident to the movant's arrest of May 12, 2004. Neither, as explained supra, have been forfeited. The government's election to accede in disposition of the underlying matter via Movant's plea to the only other count evidences its abandonment of the forfeiture of the currency and auto as in connection with its objective to resolve this mattter by way of plea.

The currency and auto must thus be returned.

10

## D. Subjective Unforfeitability

The government had a full opportunity to litigate its forfeit-
ure cause relative to the property in the underlying criminal action;
for some of those items, as explained earlier, the government instit-
uted formal proceedings against. As it turns out, though,  the fact
that this movant's legitimate ventures demonstrably yielded him re-
venue sufficient to easily show the non-illegal source of his prop-
erty, see, e.g., **Ex. B**, foreclosed the possibility that forfeiture
could be shown to be warranted in thus forum. Admirably, the govern-
ment then abandoned its pursuit -- which would have essentially been
to seek forfeiture of property unrelated to the objectives of the
relevant forfeiture enactments -- opting to allow for agreed dispos-
ition of the proceeding per an agreement which effectively nullified
the forfeiture allegation by abrogating same. It was tacit that this
concession was absolute.

In that the government has not so much as intimated any intent
nor inclination to re-initiate a forfeiture proceeding to accomplish
what it waived the opportunity to seek in the prior action (that is,
by its particular method of disposing of the § 853 count), this pre-
sent discourse is likely gratuitous. Albeit, Movant makes the obser-
vations in this subpart in furtherance of his assertion that the
subject property is presently not forfeitable. **Cf**. § III(A), supra.
Indeed, the subjective facts going to the way that the formal alle-
gation of forfeiture was disposed of----abandonment tantamount to
dismissing it as consideration for the movant's plea to the subst-
antive  count----distinguish this case from those where institution
of a civil forfeiture action subsequent to the conclusion of a pre-
dicate criminal action is held permissible.

11

Wherefore is because, though Movant does not doubt that he could make a colorable showing that civil forfeiture under the circumstances here would amount to an impermissible second-bite too related to the sentence that Movant was unwilling to accede to as part of his plea, the facts of the ordinary case make the focal point no more than whether the latter proceeding can be considered punitive per se. The civil designation that Congress, as interpreted by the courts, has intended for 21 U.S.C. § 881(a) proceedings forecloses that possibility under a categorical approach. The subjective facts here, however, avail Movant of a viable position from which to claim a bar to a civil forfeiture proceeding on not only double jeopardy grounds, but also on the basis of res judicata.

### 1. Claim Preclusion

"The relevant test [for claim preclusion determinations] simply asks whether the same parties pursued a remedy that arose from the same 'transaction' in an earlier proceeding that ended with a final judgement. Minor variations in the proceedings -- for example, the difference between an initial finding of forfeitability by a preponderance of evidence in the criminal case and the probable cause finding in the civil case -- are insufficient to establish seperate causes of action." **United States v Cunan**, 156 F.3d 110, 116 (1st Cir. 1998). It is undisputable that the criminal action here "ended with a final judgement." Furthermore, the putative "remedy" that the government would purport to be pursuing in a civil forfeiture suit is precisely one which it could (arguendo) have obtained in the character of punishment in the criminal proceeding.

12

For the government to re-initiate formal proceedings for for-
feiture of the property, presumably in response to this instant
motion, would be all of vindictive, indistinguishably punitive and,
most importantly, at utter conflict with the effects of the _de facto_
dismissal of count 46. Specifically, because "a voluntary dismis-
sal with prejudice is ordinarily deemed a final judgement that
satisfies the res judicata criterion," _id_. at 114 (citations omit-
ted), the fact that the government's complete abandonment of count
46 was a conscious undertaking which allowed it to achieve resolut-
ion of the proceeding by plea must be attributed to the government
as a tantamount to voluntary dismissal. A fortiori, a civil proceed-
ing is thus precluded.

This line of postulance does not imply that the dismissal of
the forfeiture allegation, ipso facto, operated to preclude the
government from proceeding in a subsequent civil forum. That would
be too broad a proposition to be valid, that is, given the current
posture of the law. It is the way that the government's action cul-
minated in dismissal that conjures the preclusive effect here.

For the government could have a) foregone the bringing of the
§ 853 count altogether in favor of the lower burden of proof in a
subsequent civil action and run afoul of no principles of law; b)
dismissed the § 853 count mid-proceeding in favor of initiating a
civil action, again an uncountestable practice countenanced by
the courts; or even c) required Movant to proceed to trial on the
§ 853 count notwithstanding his plea to count 1 (not that Movant
would have necessarily concurred with such terms), _see_, e.g., **Un-
ited States v Whitaker**, 127 F.3d 595 (7th Cir. 1995), nonetheless
achieving legitimacy. In contrast, however, by abandoning the §

13

853 count -- thus waiving pursuit of the objective of such count --
incident to its efforts at accomplishing resolution via plea, the
government brought its actions within the taxonomy of voluntary
dismissals of the sort that ordinarily occasion right after the
defendant either pleads or is sentenced on his plea. The variat-
ion in the temporal order in which this occurred here is a dist-
inction without a difference.

The bottom line is that, "based on [the history of this case],
the government had available a possible method for avoiding duplic-
ative proceedings, and the waste of its own and judicial resources,"
id. at 118 -- which would be the case were the government to whim-
sically institute a civil proceeding as prompted by this motion --
but it was content to achve  the disposition that it did, waiving
away the forfeiture count in the course thereof and not before.
The government must be content with its enabled disposition.

All said and done, "[o]ur judicial system is not meant to pro-
vide a second bite of the apple for those who have sought adjudica-
tion of their disputes in other forums and are not content with
the resolution they have received." **Slaney v International Ameteur
Athletic Federation**, 244 F.3d 580, 591 (7th Cir. 2001). Even to the
extent that the government could claim that it was not intent on
waiving away its right to pursue forfeiture in a civil proceeding,
courts have "rejected the contention that a stipulated dismissal
with prejudice [does] not bar a subsequent action between the par-
ties simply because one of the parties did not intend such a res-
ult." **Citibank, N.A. v Data Lease Financial Corp.**, 904 F.2d 1498,
1504 (11th Cir. 1990).

Again, this discourse is probably gratuitous; for the govern-

14

ment has signaled no intent nor interest in bringing a civil proc-
eeding to achieve that which it opted not to in preservation of the
plea. Res judicata bars subsequent litigation predicated on the for-
feiture of the property subject hereof.

### 2. Double Jeopardy

Movant has surveyed the double jeopardy jurisprudence in each
Circuit addressing the permissibility of instituting a civil
forfeiture action to obtain property after the conclusion of a
criminal proceeding in connection with which that property was
seized. At first blush, it appears that the Supreme Court's deci-
sion in **United States v Ursery**, 518 U.S. 267, 116 S.Ct. 2135, 135
L.Ed.2d 549 (1996), as broadly interpreted by the respective Cir-
cuit Courts, categorically allows for such post-judgement instit-
ution of a civil action. However, on closer inspection it becomes
clear that **Ursery** does not stand for the proposition that such
post-judgement institution of a civil forfeiture action can never
be barred on double jeopardy principles.

Rather, **Ursery** simply decided that under the circumstances
of the cases before it, those particular civil proceedings were
not punitive, either in purpose or effect, such that the Double
Jeopardy Clause's prohibition against successive punishment could
apply. Such is not the case here. Again, the facts of this case
potentiate a colorable showing that a prospective civil forfeiture
action would bear qualities too indistinguishable from the sent-
ence that Movant rebuffed prior to being permitted to plead only
to what he was actually culpable for to rest on its categorical
laurels. Indeed, piercing the armor of its nominal designation,
the practical effects of its objective would be fatal to a civil

15

proceeding under double jeopardy scrutiny here. Movant boasts
the exception to the near-absolute rule of **Ursery**.

Movant finds apt an observation compelled by the facts of a
particular case wherein the First Circuit imparted: "although the
structural criminal/civil difference remains, the substantive is-
sue and the government's objective are the same in both settings."
**Cunan**, supra, at 118. What about Movant's expectation of finality
in his sentence, that is, if the government were allowed to spirit
in and resurrect through a nominally "civil" action that which it
purported to mortify for the sake of Movant's sentence in the cri-
minal cause? Where is the practical distinction? There is none;
Movant would be incurring the very component of the sentence which
he was not willing to assume, albeit collaterally and under a dif-
ferent characterization, i.e., "civil remedy." Movant contends that
a mere change in the name of the proceeding is insufficient to work
a panacea for purposes of the actual effect. **See Boyd v United Sta-
tes**, 116 U.S. 616, 634, 29 L.Ed. 2d 746, 6 S.Ct. 524 (1886): "[P]r-
oceeding instituted for the purpose of declaring the forfeiture of
a man's property by reason of offences committed by him, though
they may be civil in form, are in their nature criminal."

The **Ursery** decision has left the door open for defendant's,
like the Movant at bar, to seek double jeopardy protection in cases
like this one where they can compellingly demonstrate, via the sub-
jective facts, that the effects of the government realizing its
objective in a civil forfeiture proceeding would be indistinguish-
able from that of a sanction that it sought to no avail in an earlier
criminal proceeding. Movant undoubtedly meets the mark with the facts
of his situation; a situation which, concededly, the government has

16

up to the filing of this motion been above board in leaving be.

A civil proceeding would be utterly conspicuous now, but more-
over, repugnant to the spirit of the Double Jeopardy Clause.

## IV. CONCLUSION

For the foregoing good and valid reasons, this Honorable Court
Should:

> i) Order the government to produce an exhaustive inventory
> of the property that it seized from the movant incident to
> his arrest;
>
> ii) Order an accounting to assess the actual or constructive
> benefit that the government received as a result of its reten-
> tion of the $318.955.25, inter alia; and
>
> iii) Order the government to return forthwith the property
> identified in § III(C), supra, including any such additions
> to same necessitated by components i) and ii) above, not to
> exceed 15 days from the filing of this motion.

**It is so prayed of this Court.**

## V. DECLARATION OF TRUTH AND SERVICE

It being this 27th day of February, 2008, and I, Marvel
Thompson, being the pro se movant hereon and duly cognizant of
the penalty prescribed for perjury per 28 U.S.C § 1746, it is
accordingly that I aver that:

1) all statements, representations, and assertions that I have
made throughout this **Motion For Order Directing Return Of Seized-
Unforfeited Property** ... are true and submitted in good faith; and

2) I have this day **filed** this document pursuant to the method
set forth in **Houston v Lack**, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.
2d 245 (1988), by sealing same in a legal envelope inscribed "legal
mail," affixing appropriate first class postage therero, and turning
said parcel over to mailroom staff here at United States Penitentiary
Pollock for forthright delivery to:

17

Clerk of Court
United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

as well as having likewise served a true and exact copy of same on:

Joe Alesia, AUSA
219 S. Dearborn Street , 5th florr
Chicago, Illinois 60604

Executed and attested to by signature below this 27th day Feb., 2008:

Marvel Thompson
Reg. No. 04028-748
U.S.P. Pollock
P.O. box 2099
Pollock, LA. 71467

**EXHIBIT A**

**EXHIBIT A**

**EXHIBIT A**

1    with no problem, but the extra things, them guys did it, and

2    they are stuck, that's what they done, they got to be

3    responsible for their own actions.

4         I don't mean to hold the Court up, but I just got to

5    be truthful and straightforward.  And by the same token I was

6    working with the prosecutor --

7         MR. FRIEDLANDER:  Judge, there are some things that

8    may come up with people in the courtroom that may not be

9    appropriate because of --

10        THE COURT:  I'll tell you there's a reporter in the

11   courtroom.

12        I have no idea.  I mean, I don't know, nobody had

13   asked that this be, and I don't know of any basis for making

14   this thing other than open anyway, but I guess I still don't

15   know whether --

16        MR. ALESIA:  Judge, as I have stated, based on his

17   admissions, we think that --

18        THE COURT:  He has pled?

19        MR. ALESIA:  -- he's met what a jury would have to

20   find, he's met the statutory requirements of violation of Title

21   21, section 846.

22        THE COURT:  All right.  You still -- I'm not sure you

23   really said yes that you are pleading guilty.

24        MR. ALESIA:  That he hasn't done, Judge.

25        THE COURT:  And are you pleading guilty as you, to

1   the facts you have stated?

2            THE DEFENDANT:  Yes, to the facts that I have stated,

3   I'm pleading guilty to that.

4            MR. FRIEDLANDER:  And do you acknowledge that the

5   facts as you have stated comprise Count 1 that form the basis

6   for a conspiracy with the group that you dealt with, that you

7   conspired with Don gel Jehan and that you conspired with

8   Kenyatta Coates to sell drugs?

9            THE DEFENDANT:  To sell the drugs that I sold to

10  them, yes, I admit to that.

11           MR. FRIEDLANDER:  And by selling it to them, you

12  understood that you were furthering the object of the

13  conspiracy, that being selling a controlled Schedule II

14  narcotic, is that correct?

15           THE DEFENDANT:  Unconsciously, if that's the point,

16  yes.  Yes.  Yes.

17           MR. FRIEDLANDER:  Judge, in my opinion, based on what

18  the elements of conspiracy would be, I believe the defendant

19  has made a factual basis even through the limited -- he doesn't

20  have to do it with all of them, but he's done it with two

21  members.

22           THE COURT:  All right.  Well, I think you've said

23  that you're pleading guilty, is that right?

24           THE DEFENDANT:  Yes, ma'am.

25           THE COURT:  All right.  Since you acknowledge that

1  you are in fact guilty as charged in Count 1 of the superseding
2  indictment as stated by you here and to the facts that you have
3  stated, and you've had the assistance of counsel, and you know
4  your right to a trial and the maximum possible punishment, and
5  you're voluntarily pleading guilty, I will accept your plea of
6  guilty and enter a judgment of guilty on your plea.
7          Now, are we putting this over?  I certainly don't
8  want to have more than one long sentencing hearing.
9          MR. ALESIA:  Right.  The Government would suggest
10  that sentencing be deferred until after the completion of the
11  first trial.  This way Your Honor will have heard the witnesses
12  that the government would have called at the sentencing hearing
13  anyway to save the resources of the Court, and then once
14  sentencing is set, I'm sure Mr. Friedlander and Mr. Thompson
15  will submit their submissions, and the government will submit
16  theirs in turn.  And if we need to present additional witnesses
17  at that time, we'll do so.  But it seems prudent to at least
18  schedule it until after the completion of the first trial,
19  which will be probably sometime in late July.
20          MR. FRIEDLANDER:  Judge, I have an obligation at the
21  direction of the defendant that he does not wish to postpone
22  his right to a speedy sentencing.
23          THE COURT:  Well, let's see.  It's essentially April,
24  April and May.
25          MR. FRIEDLANDER:  It's been running usually 70 days,

**EXHIBIT B**

**EXHIBIT B**

**EXHIBIT B**



OFFICE OF
CHIEF COUNSEL

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
OFFICE OF DIVISION COUNSEL
SMALL BUSINESS/SELF-EMPLOYED
200 WEST ADAMS STREET
SUITE 2300
CHICAGO, ILLINOIS 60606
(312) 368-8228
FAX: (312) 368-8710

August 20, 2007

CC:SB:4:CHI:2:GLShemoney
3890-06S

**Via Regular Mail**

Marvel J. Thompson
#04028-748
USP Big Sandy
U. S. Penitentiary
P. O. Box 2068
Inez, KY 41224

      Reference:     Marvel J. Thompson v. Commissioner
                     Docket No. 3890-06S

Dear Mr. Thompson:

      Pursuant to your letter received on August 14, 2007, I have enclosed copies of
(1) notice setting case for trial; (2) a list of payers of income we received for the taxable
year 2002; and (3) a copy of the notice of deficiency for the taxable year before the Tax
Court. Please notice that on the list of payers that we received a Form 1099 in the
amount of $65,000.00 for a house sold by you during the taxable year 2002. You need
to substantiate the original purchase price of this house in order to decrease the taxable
income on the notice of deficiency. There are also payments for mortgage interest
which we can allow instead of the standard deduction. If you paid real estate taxes for
your properties in 2002, please provide substantiation. You will also need to provide
substantiation of what property you lived in 2002 and what property you rented. If you
can provide any rental expenses for the rental property, they would reduce the tax
owed.

      Please contact me with this information as soon as possible. You can reach me
at the address noted above or at (312) 368-8252.

                          Sincerely,

                          Gary L. Shemoney
                          Paralegal Specialist (Chicago, Group 2)
                          (Small Business/Self-Employed)
                          IRS I.D. No. 3-30266

U N I T E D   S T A T E S   T A X   C O U R T    *6LS*
Washington, D.C. 20217

May 9, 2007

Marvel J. Thompson
                Petitioner,


            v.                    Docket No.:    3890-06S


COMMISSIONER OF INTERNAL REVENUE,
                    Respondent.        Trial At: Room 3908, Kluczynski Federal
                                                Building
                                                230 S. Dearborn Street
                                                Chicago, IL 60604

NOTICE SETTING CASE FOR TRIAL

The parties are hereby notified that the above-entitled case is set
for trial at the Trial Session beginning on October 15, 2007  .

The calendar for that Session will be called at 10:00 A.M. on that
date and both parties are expected to be present at that time and be
prepared to try the case.  YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL
OF THE CASE AND ENTRY OF DECISION AGAINST YOU.

Your attention is called to the Court's requirement that, if the
case cannot be settled on a mutually satisfactory basis, the parties,
before trial, must agree in writing to all facts and all documents about
which there should be no disagreement.  Therefore, the parties should
contact each other promptly and cooperate fully so that the necessary
steps can be taken to comply with this requirement.  YOUR FAILURE TO
COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION
AGAINST YOU.

If there are a number of cases to be tried, the Court will fix the
time of each trial at the end of the calendar call.  The Court makes
every effort to suit the convenience of the petitioners in fixing trial
times, but because of conflicting requests received from petitioners,
the final determination of trial times must rest in the Court's
discretion.

                                        Robert R. Di Trolio
                                        Clerk of the Court


COPY FOR RESPONDENT

RECEIVED
INTERNAL REVENUE SERVICE

MAY 1 8 2007

OFFICE OF
CHIEF COUNSEL
CHICAGO, IL

Station Name: DLS0149001 Date: 8/2/2007 Time: 9:37:56 AM

```
IRPTRN32864352302002000000            *(TY2002) IRMF ON LINE TRANSCRIPT SYSTEM *
  TIN- 328643523  TIN TYPE AND VALIDITY- 0  DOCUMENT CODE- 00  PAGE 0001 OF 0008
  DOCUMENT TYPE: 1099-S    ON FILE DATE: 05-21-2003 ORIGINAL SUBMISSION
PAYEE ENTITY DATA:   SSN 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 -- VALID SSN
  THOMPSON, MARVELL                   PYR'S SUBMISSION DLN: 09569533600003
  1637 E 87TH 201                     TRN CNTL CD: 32541    PYR OFC CD: N/A
  CHICAGO                             SUBMITTED TO: IRS ELECTRONICALLY
  STATE: IL ZIP: 60617-0000           DATE OF CLOSING: 07-16-2002
                                      PROPERTY OR SERVICES NOT RECEIVED

ACCOUNT NUMBER: N/A
PAYER ENTITY DATA: EIN 37-1222620
ATTORNEYS' TITLE GUARANTY FUND INC.
2408 WINDSOR PLACE
CHAMPAIGN                  IL 61821


  ITEM DESCRIPTION: 9957 S ABERDEEN, CHICAGO
  REAL ES SL.......$65,000+      — Sacos /arid


********        TY2006 IRMF DATA IS NOW AVAILABLE ON LINE        ********
```

Station Name: DLS0149001 Date: 8/2/2007 Time: 9:38:01 AM

```
IRPTRN32864352302002000000          * (TY2002) IRMF ON LINE TRANSCRIPT SYSTEM *
  TIN- 328643523   TIN TYPE AND VALIDITY- 0   DOCUMENT CODE- 00   PAGE 0002 OF 0008
  DOCUMENT TYPE: 1098       ON FILE DATE: 06-03-2003 ORIGINAL SUBMISSION
PAYEE ENTITY DATA:   SSN 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 -- VALID SSN
  MARVEL THOMPSON                    PYR'S SUBMISSION DLN: 17569534990003
  1637 E 87TH ST                     TRN CNTL CD: 17131    PYR OFC CD: N/A
  CHICAGO                            SUBMITTED TO: IRS ON: TAPE
  STATE: IL ZIP: 60617-0000


ACCOUNT NUMBER: MTG0004333659
PAYER ENTITY DATA: EIN 36-3744610
  ABN AMRO MORTGAGE GROUP INC.
  4242 NORTH HARLEM AVENUE
  NORRIDGE                  IL 60706



  MTG INT PD........$8,205+




ENTER=(N)EXT,(P)REVIOUS,(S)UMMARY,(W)HITE OUT,IRPO(L),(O)NLINE,HARD(C)OPY
```

Station Name: DLS0149001 Date: 8/2/2007 Time: 9:38:07 AM

IRPTRN32864352302002000000        *(TY2002) IRMF ON LINE TRANSCRIPT SYSTEM *
 TIN- 328643523  TIN TYPE AND VALIDITY- 0  DOCUMENT CODE- 00  PAGE 0003 OF 0008
 DOCUMENT TYPE: 1098      ON FILE DATE: 03-18-2003 ORIGINAL SUBMISSION
PAYEE ENTITY DATA:  SSN 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 -- VALID SSN
 MARVELL THOMPSON                    PYR'S SUBMISSION DLN: 29569443990213
 9957 S ABERDEEN                     TRN CNTL CD: 29158    PYR OFC CD: N/A
 CHICAGO                             SUBMITTED TO: IRS ON: TAPE
 STATE: IL ZIP: 60643-2241

ACCOUNT NUMBER: 00009209300558228001
PAYER ENTITY DATA: EIN 41-0585310
 TCF NATIONAL BANK
 801 MARQUETTE AVE
 MINNEAPOLIS              MN 55402


 MTG INT PD........$2,054+




ENTER=(N)EXT,(P)REVIOUS,(S)UMMARY,(W)HITE OUT,IRPO(L),(O)NLINE,HARD(C)OPY

Station Name: DLS0149001 Date: 8/2/2007 Time: 9:38:12 AM

IRPTRN32864352302002000000          * (TY2002) IRMF ON LINE TRANSCRIPT SYSTEM *
 TIN- 328643523   TIN TYPE AND VALIDITY- 0   DOCUMENT CODE- 00   PAGE 0004 OF 0008
 DOCUMENT TYPE: 1099-G    ON FILE DATE: 04-22-2003 ORIGINAL SUBMISSION
PAYEE ENTITY DATA:   SSN 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 -- VALID SSN
 THOMPSON MARVEL J                         PYR'S SUBMISSION DLN: 36569495040003
 1637 E 87TH ST 201                        TRN CNTL CD: 09537    PYR OFC CD: N/A
 CHICAGO                                   SUBMITTED TO: IRS ON: TAPE
 STATE: IL ZIP: 60617-2728                 TAX YEAR OF REFUND: 2001

ACCOUNT NUMBER: N/A
PAYER ENTITY DATA: EIN 37-6002057
 STATE OF ILLINOIS REVENUE DEPARTMENT
 101 WEST JEFFERSON
 SPRINGFIELD                IL 62708

 1099-G OFFSET: REFUND, CREDIT OR OFFSET FOR TRADE OR BUSINESS
 FED TX WH.............$0
 PR YR RFND...........$9+

ENTER=(N)EXT,(P)REVIOUS,(S)UMMARY,(W)HITE OUT,IRPO(L),(O)NLINE,HARD(C)OPY

Station Name: DLS0149001 Date: 8/2/2007 Time: 9:38:17 AM

```
IRPTRN32864352302002000000          *(TY2002) IRMF ON LINE TRANSCRIPT SYSTEM *
 TIN- 328643523   TIN TYPE AND VALIDITY- 0  DOCUMENT CODE- 00   PAGE 0005 OF 0008
 DOCUMENT TYPE: 1099-DIV  ON FILE DATE: 06-03-2003 ORIGINAL SUBMISSION
PAYEE ENTITY DATA:   SSN 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 -- VALID SSN
  MARVELL J THOMPSON                    PYR'S SUBMISSION DLN: 08569541590003
  3340 W 95TH ST STE 234                TRN CNTL CD: 08023    PYR OFC CD: N/A
  EVERGREEN PK                          SUBMITTED TO: IRS ON: TAPE
  STATE: IL ZIP: 60805-2236             NO SECOND NOTICE

ACCOUNT NUMBER: K2300041500382
PAYER ENTITY DATA: EIN 22-3703799
 PRUDENTIAL FINANCIAL INC.
TA> EQUISERVE
 PO BOX 43028
 PROVIDENCE               RI 02940

 FED TX WH.............$0
 ORD DIV..............$25+
```

ENTER=(N)EXT,(P)REVIOUS,(S)UMMARY,(W)HITE OUT,IRPO(L),(O)NLINE,HARD(C)OPY

Station Name: DLS0149001 Date: 8/2/2007 Time: 9:38:23 AM

```
IRPTRN32864352302002000000          *(TY2002) IRMF ON LINE TRANSCRIPT SYSTEM *
 TIN- 328643523  TIN TYPE AND VALIDITY- 0  DOCUMENT CODE- 00   PAGE 0006 OF 0008
 DOCUMENT TYPE: 1099-INT  ON FILE DATE: 06-03-2003 ORIGINAL SUBMISSION
PAYEE ENTITY DATA:   SSN 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 -- VALID SSN
 MARVEL JOHN THOMPSON                PYR'S SUBMISSION DLN: 17569534800003
 1637 E 87TH ST SUITE 201            TRN CNTL CD: 17032    PYR OFC CD: N/A
 CHICAGO                             SUBMITTED TO: IRS ELECTRONICALLY
 STATE: IL ZIP: 60617-0000           NO SECOND NOTICE


ACCOUNT NUMBER: 61010001110013888284
PAYER ENTITY DATA: EIN 31-6243961
 BANK ONE NA
 P O BOX 260164
 BATON ROUGE               LA 70826



 FED TX WH.............$0
 INTEREST.............$33+
```

ENTER=(N)EXT,(P)REVIOUS,(S)UMMARY,(W)HITE OUT,IRPO(L),(O)NLINE,HARD(C)OPY

Station Name: DLS0149001 Date: 8/2/2007 Time: 9:38:29 AM

```
IRPTRN32864352302002000000         * (TY2002)  IRMF ON LINE TRANSCRIPT SYSTEM *
   TIN- 328643523  TIN TYPE AND VALIDITY- 0  DOCUMENT CODE- 00  PAGE 0007 OF 0008
   DOCUMENT TYPE: 1099-MISC ON FILE DATE: 04-30-2003 ORIGINAL SUBMISSION
PAYEE ENTITY DATA:   SSN 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 -- VALID SSN
   THOMPSON MARVEL                  PYR'S SUBMISSION DLN: 11569507030003
   3340 WEST 95TH                   TRN CNTL CD: 19398    PYR OFC CD: N/A
   EVERGREEN PARK                   SUBMITTED TO: IRS ON: TAPE
   STATE: IL ZIP: 60608-0000        NOT DIRECT SALES
                                    NO SECOND NOTICE

ACCOUNT NUMBER: 159020300
PAYER ENTITY DATA: EIN 13-0434220
   AMERICAN SOCIETY OF COMPOSERS
   AUTHORS AND PUBLISHERS
   ONE LINCOLN PLAZA
   NEW YORK                  NY 10023


   FED TX WH.............$0
   ROYALTIES........$21,061+




ENTER=(N)EXT,(P)REVIOUS,(S)UMMARY,(W)HITE OUT,IRPO(L),(O)NLINE,HARD(C)OPY
```

Station Name: DLS0149001 Date: 8/2/2007 Time: 9:38:36 AM

```
IRPTRN32864352302002000000        *(TY2002) IRMF ON LINE TRANSCRIPT SYSTEM *
 TIN- 328643523  TIN TYPE AND VALIDITY- 0  DOCUMENT CODE- 00  PAGE 0008 OF 0008
 DOCUMENT TYPE: 1099-MISC ON FILE DATE: 04-30-2003 ORIGINAL SUBMISSION
 PAYEE ENTITY DATA:   SSN 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 -- VALID SSN
  MARVEL THOMPSON                    PYR'S SUBMISSION DLN: 09569516280003
  1637 EAST 87TH STREET              TRN CNTL CD: 09W83    PYR OFC CD: N/A
  CHICAGO                            SUBMITTED TO: IRS ELECTRONICALLY
  STATE: IL ZIP: 60617-0000          NOT DIRECT SALES
                                     NO SECOND NOTICE

ACCOUNT NUMBER: N/A
PAYER ENTITY DATA: EIN 36-4050711
  C H A C INC.
  1000 S WABASH AVENUE
  CHICAGO                   IL 60605


  FED TX WH.............$0
  RENTS............$71,436+
```

ENTER=(N)EXT,(P)REVIOUS,(S)UMMARY,(W)HITE OUT,IRPO(L),(O)NLINE,HARD(C)OPY

Station Name: DLS0149001 Date: 8/2/2007 Time: 9:38:42 AM

```
IRPTRO3286435230200200
               ***(TY2002) IRMF ON LINE TRANSCRIPT SYSTEM SUMMARY***
  TIN- 328643523   TIN TYPE AND VALIDITY- 0   DOCUMENT CODE- 00          8 DOCS
  GROUP              AMOUNT                 GROUP              AMOUNT
  INTEREST.............$33+
  ORD DIV..............$25+
  PR YR RFND...........$9+
  RENT/ROYLT.......$92,497+
  REAL ES SL.......$65,000+
  MTG INT PD.......$10,259+
```

ENTER=PAYE(E),PAYE(R),(O)NLINE,(W)HITE OUT,IRPO(L),HARD(C)OPY OR (H)ELP

7 105 567 871

Department of the Treasury
Internal Revenue Service
HOLTSVILLE, NY 11742-9013

0187208888 ASFR

Letter Number: 3219(SC/CG)
Letter Date: December 27, 200
Taxpayer Identification Numbe
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

Tax Form: 1040
Tax Year Ended and Deficiency
DEC. 31, 2002 ****39,890.00
Contact Person:
Customer Service Rep.
Contact Telephone Number:
631-447-4984
Hours to Call:
Between 5:00 PM and 10:00 PM
(Not a toll free number)
Last Date to Petition Tax Cour
March 27, 2006

MARVEL J THOMPSON
1637 E 87TH ST 201
CHICAGO, IL 60617-2728371

Penalties/Additions to Tax
SEC. 6651(a)(1) IRC          $8,975.
SEC. 6651(a)(2) IRC          $5,983.
SEC. 6654(a)    IRC          $1,333.

Dear Taxpayer:

We have determined that there is a deficiency (increase) in your
income tax as shown above.  This letter is your NOTICE OF DEFICIENCY,
as required by law.  The enclosed statement shows how we figured the
deficiency.

If you want to contest this determination in court before making any
payment, you have until the Last Date to Petition Tax Court (90 days
from the date of this letter or 150 days if the letter is addressed to
you outside of the United States) to file a petition with the
United States Tax  Court for a redetermination of the amount of your tax.
You can get a petition form and the rules for filing a petition from the
tax court.  You should file the petition with the United States Tax Court,
400 Second Sreet NW, Washington D.C. 20217.  Attach a copy of this letter
to the petition.

The time in which you must file a petition with the Court (90 or 150 days
as the case may be) is fixed by law and the Court cannot consider your
case if your petition is filed late.  If this letter is addressed to both
a husband and wife, and both want to petition the Tax Court, both must sign
the petition or each must file a separate, signed petition.

The Tax Court has a simplified procedure for small tax cases when the
amount in dispute is $50,000 or less for any one tax year.  You can also
get information about this procedure, as well as a petition form you can
use, by writing to the Clerk of the United States Tax Court at
400 Second Street, NW, Washington, D.C. 20217.  You should write promptly
if you intend to file a petition with the Tax Court.
                    (Reprinted on 03/03/2006)

If you decide not to file a petition with the Tax Court, please sign and return the enclosed waiver form to us. This will permit us to assess the deficiency quickly and will limit the accumulation of interest. We've enclosed an envelope you can use. If you decide not to sign and return the waiver and you do not petition the Tax Court, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

If you have any questions about this letter, you may call the Contact Person whose name and telephone number are shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you. If you prefer, you can call the Internal Revenue Service (IRS) telephone number in your local directory. An IRS employee there may be able to help you, but the office at the address shown on this letter is most familiar with your case.

When you send information we requested or if you write to us about this letter, please provide a telephone number and the best time to call you if we need more information. Please attach this letter to your correspondence to help us identify your case. Keep the copy for your records.

The person whose name and telephone number are shown in the heading of this letter can access your tax information and help get you answers. You also have the right to contact the Taxpayer Advocate. You can call 1-877-777-4778 and ask for Taxpayer Advocate Assistance. Or you can contact the Taxpayer Advocate for the IRS Office that issued this Notice of Deficiency by calling (631) 654-6686 or writing to:

> BROOKHAVEN SERVICE CENTER
> TAXPAYER ADVOCATE
> P.O. Box 960, STOP 102
> Holtsville, NY  11742

Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals process. The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition in the United States Tax Court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling.

Thank you for your cooperation.

Sincerely Yours,

Commissioner
By

Jan Sinclair
FIELD DIRECTOR,
COMPLIANCE SERVICES, BROOKHAVEN

Enclosures
Copy of this letter
Waiver
Envelope

(Reprinted on 03/03/2006)

```
Department of the Treasury   Internal Revenue Service    Symbols
                                                        ASFR/BROOKHAVE
FORM 5564          NOTICE OF DEFICIENCY - WAIVER           0187208
```

```
Name and Address of Taxpayer                        Date: 12/27/2

MARVEL J THOMPSON                    Social Security Number: 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
1637 E 87TH ST 201
CHICAGO, IL 60617-2728371
```

Kind of Tax
  INDIVIDUAL INCOME

| | DEFICIENCY | |
|---|---|---|
| Tax Year Ended | | Penalties |
| December 31, 2002 | Increase in Tax    $39,890.00 | |
| | Failure-to-File Penalty   IRC 6651(a)(1) | $8,975 |
| | Failure-to-Pay Penalty   IRC 6651(a)(2) | $5,983 |
| | Estimated Tax Penalty    IRC 6654(a) | $1,333 |

I consent to the immediate assessment and collection of the deficiency (i
crease in tax and penalties) shown above, plus any interest.  Also, I waive t
requirement under section 6532(a)(1) of the Internal Revenue Code that a noti
of claim disallowance be sent to me by certified mail for any overpayment sho
on the attached report.

I understand that the filing of this waiver is irrevocable and it will be
the 2-year period for filing suit for refund of the claims disallowed as if t
notice of disallowance had been sent by certified or registered mail.

```
Signature                                               Date

Signature   By                      Title                Date
```

Note: If you consent to the assessment of the deficiency shown in this waiver
please sign and return this form to limit the interest charge and expedite ou
bill to you.  Your consent will not prevent you from filing a claim for refun
(after you have paid the tax) if you later believe you are so entitled; nor p
vent us from later determining, if necessary, that you owe additional tax; no
extend the time provided by law for either action.

If you later file a claim and the Service disallows it, you may file suit
for refund in a District Court or in the United States Claims Court, but you
not file a petition with the United States Tax Court.

Who Must Sign: Your attorney or agent may sign this waiver provided that acti
is specifically authorized by a power of attorney which, if not previously
filed, must accompany this form.

If this waiver is signed by a person acting in a fiduciary capacity (for
ample, an executor, administrator, or a trustee), Form 56, Notice Concerning
Fiduciary Relationship, should, unless previously filed, accompany this form.

If you agree, please sign and return this form; keep one copy for your record

(Reprinted on 03/03/2006)

DEPARTMENT OF THE TREASURY

                         PROPOSED INDIVIDUAL INCOME TAX ASSESSMENT

MARVEL J THOMPSON                COLLECTION     :  NON-FILER
1637 E 87TH ST 201               Date of Report:  09-19-2005
CHICAGO, IL 60617-2728371        Soc Sec Number:  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
                                 Form 1040      :  TAX YEAR 2002
                                 Filing Status :  SINGLE
                                 Reply to       :  0187208888

                        TAX CALCULATION SUMMARY


TOTAL INCOME REPORTED BY PAYERS (see Income Sources):      (+)157,555.00
     Wages, interest, dividends, pensions, misc.    157,555.00




ADJUSTMENT TO INCOME:                                         (-)0.00

ALLOWABLE DEDUCTIONS/EXEMPTIONS:                          (-)7,160.00
     Personal exemption allowance (1 exemption)      2,460.00

     Standard Deduction                              4,700.00


TAX COMPUTATIONS:
     Taxable Income (total income minus deductions)        150,395.00
     Income tax calculated using (1) exemption     39,890.00




TOTAL TAX BEFORE CREDITS:                                 (+)39,890.00


TOTAL PRE-PAID CREDITS (Withholding, ES tax payments, etc.):   (-)0.00


NET TAX (TOTAL TAX minus PRE-PAID CREDITS):                 39,890.00


TOTAL INTEREST (calculated through 10-19-2005, see page 2):  (+)6,439.11


TOTAL PENALTIES (see page 2):                             (+)16,291.75
     Failure-to-File Penalty                         8,975.25
     Failure-to-Pay Penalty                          5,983.50
     Estimated Tax Penalty                           1,333.00


*******************************************************************************
TOTAL AMOUNT DUE through 10-19-2005 (PAY THIS AMOUNT) --------   62,620.86
*******************************************************************************

DEPARTMENT OF THE TREASURY

PROPOSED INDIVIDUAL INCOME TAX ASSESSMENT

Soc Sec Number: 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      Tax Year 2002      Date of Report    09/19/2005

EXPLANATION OF PENALTIES AND INTEREST

INTEREST:                                                                 6,439.11
    Interest due based on statutory interest rates        5,256.42
    Interest on Failure-to-File Penalty                   1,182.69
    Additional Interest will accrue at the current rate of interest (compounded
    daily). Interest is charged from the original due date of the return to the
    earlier of the date of payment, a date 30 days after an agreement to the
    additional tax is signed, or the assessment date.  The interest shown has
    been computed 30 days from the date of this report, which will allow you to
    pay the total balance due without an additional charge for accrued interest.

PENALTIES:                                                               16,291.75
    Failure-to-File Penalty, I.R.C. 6651(a)(1)            8,975.25
    Since you did not file your return within the time prescribed by law, a
    Failure-to-File Penalty of 5 percent of the tax due is added for each month
    that the return is late (not to exceed 22.5%), or the lesser of $100 or the
    tax due.

  * Failure-to-Pay Penalty, I.R.C. 6651(a)(2)            5,983.50
    If you did not pay the balance of the tax owed within the time prescribed by
    law, a penalty of 0.5% of the tax due is added for each month the tax
    remains unpaid (not to exceed a total of 25% of the unpaid amount.)

    Estimated Tax Penalty  I.R.C. 6654(a)                 1,333.00
    Since you did not pay sufficient Estimated Tax, an addition to the tax is
    charged.

ROUNDING: In arriving at your tax deficiency, amounts have been rounded to the
    nearest dollar.

STATE EXCHANGE: IRS has exchange agreements with state tax agencies under which
    information about increases or decreases in Federal tax liability is
    exchanged with states. You should check your state tax return and file an
    amended return if this change affects your state income tax liability.

```
   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   200212      PRINT DATE: 03-03-2006        PAGE:     1
                                            REQUESTED BY EMPLOYEE: 0443
-----------------------------------------------------------------------
MINOR  0001    DOC TYPE:  75 - 1099 S
     PAID BY:  37-1222620              PAID TO:
     ATTORNEYS' TITLE GUARANTY FUND INC.   THOMPSON, MARVELL
     2408 WINDSOR PLACE                1637 E 87TH 201
     CHAMPAIGN          IL  61821      CHICAGO           IL  60617


(  50)-REAL ESTATE SALES       65000

-----------------------------------------------------------------------
MINOR  0002    DOC TYPE:  81 - 1098              NON-ADD CODE: M
     PAID BY:  36-3744610              PAID TO:
     ABN AMRO MORTGAGE GROUP INC.      MARVEL THOMPSON
     4242 NORTH HARLEM AVENUE          1637 E 87TH ST
     NORRIDGE           IL  60706      CHICAGO           IL  60617


(  68)-MORTGAGE INTEREST        8205

-----------------------------------------------------------------------
MINOR  0003    DOC TYPE:  81 - 1098              NON-ADD CODE: M
     PAID BY:  41-0585310              PAID TO:
     TCF NATIONAL BANK                 MARVELL THOMPSON
     801 MARQUETTE AVE                 9957 S ABERDEEN
     MINNEAPOLIS        MN  55402      CHICAGO           IL  606432241


(  68)-MORTGAGE INTEREST        2054

-----------------------------------------------------------------------
MINOR  0004    DOC TYPE:  86 - 1099 G            NON-ADD CODE: T
     PAID BY:  37-6002057              PAID TO:
     STATE OF ILLINOIS REVENUE DEPARTMEN   THOMPSON MARVEL J
     101 WEST JEFFERSON                1637 E 87TH ST 201
     SPRINGFIELD        IL  62708      CHICAGO           IL  606172728


(  55)-PRIOR YEAR REFUND          09

-----------------------------------------------------------------------
```

```
  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    200212      PRINT DATE: 03-03-2006        PAGE:    2
                                        REQUESTED BY EMPLOYEE: 0443
```
------------------------------------------------------------------------
```
MINOR  0005    DOC TYPE:  91 - 1099 DIV
    PAID BY:  22-3703799             PAID TO:
    PRUDENTIAL FINANCIAL INC.        MARVELL J THOMPSON
    EQUISERVE                        3340 W 95TH ST STE 234
    PO BOX 43028                     EVERGREEN PK        IL  608052236
    PROVIDENCE          RI  029403028

(  41)-ORDINARY DIVIDEND        25
                              (990)-ASFR CORRECTED DIV        25
```
------------------------------------------------------------------------
```
MINOR  0006    DOC TYPE:  92 - 1099 INT
    PAID BY:  31-6243961             PAID TO:
    BANK ONE NA                      MARVEL JOHN THOMPSON
    P O BOX 260164                   1637 E 87TH ST SUITE 201
    BATON ROUGE        LA  708260164 CHICAGO             IL  60617

(  02)-INTEREST                33
```
------------------------------------------------------------------------
```
MINOR  0007    DOC TYPE:  95 - 1099 MISC
    PAID BY:  13-0434220             PAID TO:
    AMERICAN SOCIETY OF COMPOSERS    THOMPSON MARVEL
    AUTHORS AND PUBLISHERS           3340 WEST 95TH
    ONE LINCOLN PLAZA                EVERGREEN PARK      IL  60608
    NEW YORK           NY  100237129

(  19)-ROYALTIES             21061
```
------------------------------------------------------------------------
```
MINOR  0008    DOC TYPE:  95 - 1099 MISC
    PAID BY:  36-4050711             PAID TO:
    C H A C INC.                     MARVEL THOMPSON
    1000 S WABASH AVENUE             1637 EAST 87TH STREET
    CHICAGO            IL  60605     CHICAGO             IL  60617


(  18)-RENTAL INCOME         71436
```
------------------------------------------------------------------------

```
 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   200212      PRINT DATE: 03-03-2006      PAGE:    1
                                           REQUESTED BY EMPLOYEE: 0443
-----------------------------------------------------------------------
MINOR  0001     DOC TYPE:  75 - 1099 S
     PAID BY:  37-1222620            PAID TO:
     ATTORNEYS' TITLE GUARANTY FUND INC.   THOMPSON, MARVELL
     2408 WINDSOR PLACE                1637 E 87TH 201
     CHAMPAIGN            IL  61821    CHICAGO            IL  60617


(   50)-REAL ESTATE SALES      65000

-----------------------------------------------------------------------
                                                NON-ADD CODE: M
MINOR  0002     DOC TYPE:  81 - 1098
     PAID BY:  36-3744610            PAID TO:
     ABN AMRO MORTGAGE GROUP INC.      MARVEL THOMPSON
     4242 NORTH HARLEM AVENUE          1637 E 87TH ST
     NORRIDGE             IL  60706    CHICAGO            IL  60617


(   68)-MORTGAGE INTEREST       8205

-----------------------------------------------------------------------
                                                NON-ADD CODE: M
MINOR  0003     DOC TYPE:  81 - 1098
     PAID BY:  41-0585310            PAID TO:
     TCF NATIONAL BANK                 MARVELL THOMPSON
     801 MARQUETTE AVE                 9957 S ABERDEEN
     MINNEAPOLIS          MN  55402    CHICAGO            IL  606432241


(   68)-MORTGAGE INTEREST       2054

-----------------------------------------------------------------------
                                                NON-ADD CODE: T
MINOR  0004     DOC TYPE:  86 - 1099 G
     PAID BY:  37-6002057            PAID TO:
     STATE OF ILLINOIS REVENUE DEPARTMEN   THOMPSON MARVEL J
     101 WEST JEFFERSON                1637 E 87TH ST 201
     SPRINGFIELD          IL  62708    CHICAGO            IL  606172728


(   55)-PRIOR YEAR REFUND         09

-----------------------------------------------------------------------
```

```
   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   200212      PRINT DATE: 03-03-2006        PAGE:    2
                                        REQUESTED BY EMPLOYEE: 0443
```
--------------------------------------------------------------------------
```
MINOR  0005    DOC TYPE:  91 - 1099 DIV
     PAID BY:  22-3703799                PAID TO:
     PRUDENTIAL FINANCIAL INC.           MARVELL J THOMPSON
     EQUISERVE                           3340 W 95TH ST STE 234
     PO BOX 43028                        EVERGREEN PK        IL  608052236
     PROVIDENCE            RI  029403028
```

( 41)-ORDINARY DIVIDEND          25
                           (990)-ASFR CORRECTED DIV      25

--------------------------------------------------------------------------
```
MINOR  0006    DOC TYPE:  92 - 1099 INT
     PAID BY:  31-6243961                PAID TO:
     BANK ONE NA                         MARVEL JOHN THOMPSON
     P O BOX 260164                      1637 E 87TH ST SUITE 201
     BATON ROUGE          LA  708260164  CHICAGO             IL  60617
```

( 02)-INTEREST               33

--------------------------------------------------------------------------
```
MINOR  0007    DOC TYPE:  95 - 1099 MISC
     PAID BY:  13-0434220                PAID TO:
     AMERICAN SOCIETY OF COMPOSERS       THOMPSON MARVEL
     AUTHORS AND PUBLISHERS              3340 WEST 95TH
     ONE LINCOLN PLAZA                   EVERGREEN PARK      IL  60608
     NEW YORK             NY  100237129
```

( 19)-ROYALTIES            21061

--------------------------------------------------------------------------
```
MINOR  0008    DOC TYPE:  95 - 1099 MISC
     PAID BY:  36-4050711                PAID TO:
     C H A C INC.                        MARVEL THOMPSON
     1000 S WABASH AVENUE               1637 EAST 87TH STREET
     CHICAGO              IL  60605      CHICAGO             IL  60617
```

( 18)-RENTAL INCOME        71436

--------------------------------------------------------------------------

```
                          ASFR MAJOR RECORD
                    PRINT DATE: 03-03-2006      REQUESTED BY EMPL: 04


    TP TIN: 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             MARVEL J THOMPSON
    YEAR: 200212                    1637 E 87TH ST 201
    NAME CTRL: THOM                 CHICAGO                IL  606172728
    SPOUSE TIN: 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


                          CASE MAJOR DATA

    TOTAL DELINQUENT YEAR INCOME:      157555

    WAGES:                    00      PATRONAGE DIVIDENDS:      00
    PENSION/ANNUITIES:        00      TAXABLE UNEMPLOYMENT:     00
    INTEREST:                 33      FISHING INCOME:           00
    DIVIDENDS:                25      IRA/SEP CONTRIBUTIONS:    00
    RENT/ROYALTIES:        92497      TAXABLE SSA/RRB:          00
    AGRICULTURAL SUBSIDY:     00      GROSS WINNINGS:           00
    DISTRIBUTIVE SHARE:       00      BROKER SALES:  F-1099S 65000
    MEDICAL PAYMENTS:         00      ADDITIONS TO TAX:         00
    MISCELLANEOUS INCOME:     00      FEES/COMMISSIONS(NEC):    00
    INT FORFEIT (CREDIT):     00      GROSS-UNEMPLOYMENT:       00
    ALLOCATED TIPS:           00

    MISC INFORMATION                 PRIOR YEAR INFORMATION

    SELECTION CODE: 75               FILING STATUS: SINGLE
    TOTAL IRP MINORS: 0008           EXEMPTIONS CLAIMED: 02
    BANKRUPTCY IND: 0                TAXPAYER AGE: 34
FILING EXTENSION DATE: 00  -00-0000  AGI:  ;00000000
                                     BLINDNESS IND: 0
    DELINQ YEAR CREDITS:      00      PRIOR YEAR RETURN: 2000
    MASTER FILE CREDITS:      00      PRIOR YEAR DOC CD:
    WH/EXCESS FICA:           00
```

**EXHIBIT C**

**EXHIBIT C**

**EXHIBIT C**

## UNITED STATES TAX COURT

MARVEL J. THOMPSON,                          )
                                             )
                    Petitioner,              )
                                             )
               v.                            )    Docket No.   3890-06S
                                             )
COMMISSIONER OF INTERNAL REVENUE,            )
                                             )
                    Respondent.              )

### RESPONDENT'S STATUS REPORT

The Following is a report of respondent's counsel on the status of this case.

1.    A notice of deficiency for the taxable year 2002 was mailed to the petitioner on December 27, 2005 because the petitioner did not file an income tax return for the taxable year 2002.

2.    The petitioner timely filed a petition with the Tax Court on February 22, 2006.

3.    On August 1, 2006, petitioner's case was set for the trial calendar in Chicago, Illinois beginning on October 23, 2006.

4.    Petitioner's motion to continue his case generally was granted by the Court on October 11, 2006 because he was in prison.

5.    On November 23, 2006, petitioner's case was set for the trial calendar in Chicago, Illinois beginning on April 23, 2007.

Docket No. 3890-06S        - 2 -

6.    Petitioner's motion to continue was granted by the Court on March 8, 2007 because he was still in prison.

7.    On May 9, 2007, petitioner's case was set for the trial calendar in Chicago, Illinois beginning on October 15, 2007.

8.    Respondent has determined from the Bureau of Prison web site that the petitioner's expected release date is July 19, 2043.

9.    Respondent mailed a letter to the petitioner asking if he has completed an income tax return for the taxable year 2002.

Docket No. 3890-06S            - 3 -

    10.  Petitioner mailed a letter to respondent requesting
another continuance and stating that he did not have any
documents for the taxable year 2002.  A copy of this letter is
attached hereto as Exhibit A.

                                    DONALD L. KORB
                                    Chief Counsel
                                    Internal Revenue Service


Date:  SEP 2 7 2007            By:  ___JOSEPH T. FERRICK___
                                    JOSEPH T. FERRICK
                                    Associate Area Counsel
                                    (Small Business/Self-Employed)
                                    Tax Court Bar No. FJ0703
                                    200 W. Adams Street
                                    Suite 2300
                                    Chicago, IL 60606
                                    Telephone: (312) 368-8228


OF COUNSEL:
THOMAS R. THOMAS
Division Counsel
(Small Business/Self-Employed)
RICHARD A. WITKOWSKI
Area Counsel
(Small Business/Self-Employed:Area 4)

Marvel Thompson                                    Sept 16 2007
04028-748
USp B7B Sandy
U.S. Penétentiary
P.O. Box 2068
Inez, Ky 41224

**RECEIVED**
INTERNAL REVENUE SERVICE

SEP 2 0 2007

OFFICE OF
CHIEF COUNSEL
CHICAGO, IL

Department of the treasury
Internal Revenue Service
Att: Gary L Shemoney
Paralegal Specialist (Chicago Group 2)
Small Business /self-Employed
 200 west ADams street
   Suite 2300
Chicago, ILLinois 60606

Dear mr Shemoney
I have written you concerning my position in obtaining
any documents. The government still have all my documents
and funds to pay and give you the documents that you
need. I need a continuance so that I can get these
documents and funds, My tax return is much more
Complicated than these documents you ask for. I have
been in the position not to be able to write the tax court
asking for a continuance My self because I do not
have any legal information     **EXHIBIT A**       ne 19 2007
I still do not know when                            x cess
my legal documents

So I need a continuance to be able to properly deal with this issue of taxes and correctly File. If you look at my record of paying and filing my taxes you will see that I be late alot but I always pay my taxes. So I am asking can you get a continuance on my behalf.

Thank you
Mark Thompson

Docket No. 3890-06S

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing

RESPONDENT'S STATUS REPORT was served on petitioner by mailing

the same on _____SEP 2 7 2007_____ in a postage paid wrapper

addressed as follows:

> Marvel J. Thompson
> #04048-748
> USP Big Sandy
> U.S. Penitentiary
> P.O. Box 2068
> Inez, KY 41224

Date: __SEP 2 7 2007__                    **JOSEPH T. FERRICK**
                                          JOSEPH T. FERRICK
                                          Associate Area Counsel (Chicago,
                                          Group 2)
                                          (Small Business/Self-Employed)
                                          Tax Court Bar No. FJ0703