## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1294 | **DATE** | 4/3/08 |
| **CASE TITLE** | Marvel Thompson (#04028-748) vs. United States of America | | |

**DOCKET ENTRY TEXT:**

The petitioner/defendant is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $39.00 filing fee. The clerk is directed to send the petitioner an i.f.p. application along with a copy of this order. Failure of the petitioner to comply within thirty days of the date of this order will result in summary dismissal of this case.

■ **[For further details see text below.]**                                           **Docketing to mail notices.**

### STATEMENT

The petitioner/defendant, a federal prisoner, has submitted a *pro se* motion to return seized property pursuant to Fed. R. Crim. P. 41(g). The petitioner seeks the return of $318,995.25 in cash that was seized incident to his arrest in 2004 but regarding which the government has allegedly declined to press forfeiture proceedings. *See United States v. Thompson*, Case No. 04 CR 0464 (N.D. Ill.).

The petitioner has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the petitioner's trust fund account. Thereafter, correctional authorities having custody of the petitioner will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the petitioner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the petitioner wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court,
**(CONTINUED)**

mjm

**STATEMENT (continued)**

together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from September 4, 2007, through March 4, 2008].

The petitioner must, within thirty days, **either** file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) **or** pay the full miscellaneous filing fee of $39.00. The clerk will furnish the petitioner with an *in forma pauperis* application along with a copy of this order. Failure of the petitioner to comply within thirty days of the date of this order will result in summary dismissal of this case.

The petitioner is reminded that he must provide the court with the original plus a judge's copy of every document filed; he must also include a certificate of service showing that a copy was mailed to the Assistant U.S. Attorney assigned to the criminal case.

Finally, the petitioner is advised to write his motions and pleadings and motions in plain English. The court does not want or expect the petitioner to attempt to write like a lawyer; using "legalese" will only render his filings incomprehensible.