FILED
APR 15 2008
Apr 15 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

08C1294

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | 0 : 0 : 0 : 0 : 0 : 0 : 0 | Crim. No. 04-CR-0464 (EB) |
| Plaintiff, | | |
| v. | | RE: Misapplication of PLRA Requirements In Veritable "Criminal" Return of Property Proceeding |
| MARVEL THOMPSON, | | |
| Defendant. | | Pro Se |

This filing on behalf of the pro se defendant as captioned above comes as a collective result of two anomalous actions in response to the defendant's formal request for the return of his property, actions which elude the defendant insofar as they appear to pose conflict with the Seventh Circuit's position on Criminal Rule 41(g) motions. One, the Court has assigned an entirely new and distinct case/complaint number to Defendant's ancillary motion, and 2) the Court has now advised Defendant[1] that it will impute to him the requirements to which prisoners seeking to institute a civil lawsuit in the form of a pauper are subject under Congress' Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915.

Together, these responses necessarily mean that this Court has noticed its intent to convert the defendant's mere ancillary request for the return of his seized-unforfeited property into a full-scale civil lawsuit against the Inited States of America. For these reasons, it is necessary to address the Court as follows.

---

1. Defendant assumes in good faith that, notwithstanding the curious fact that the template-style "order form" by which this advisement was rendered was unsigned, the countervailing fact that it bears your Honor's name in the relevant allotted box yields sufficient indicia of this Court's authorship.

I

Rule 41(g), Federal Rules of Criminal Procedure, is by name, purpose and nature a criminal litigation instrument prescribed to effectuate the return of property that was implicated in the <u>criminal</u> matter, yet never actually forfeited. As such, the rule, when employed for the purpose of formally requesting that property back, facilitates a continuing step in the underlying crminal cause and does not set off an entirely new and distinct civil lawsuit. Albeit the rule can, and in fact has been found to, be properly subjected to the requirements of the Prison Litigation Reform Act. However, the facts going to the instances where such conversion or construction were warranted are not paralleled here.

The confusion over this very matter of construction is almost assuredly due to the subtle but easily descernible distinctions between the Seventh Circuit's decisions in **United States v Howell**, 354 F.3d 693 (7th Cir. 2004)(subjecting 41(g) motion to PLRA due entirely to the fact that it was in substance an attack on an administrative forfeiture proceeding that had netted a formal judgement of forfeiture), and **Okora v Callaghan**, 324 F.3d 488 (7th Cir. 2003)(demonstrating recognition of the fact that **properly brought** 41(g) motion is no more than a continuing step in underlying crimnal proceeding, thus diametrically different than actions which seek, <u>e.g.</u>, damages against the United states for the loss or destruction of property seized incident to the underlying criminal matter). The fulcrum upon which the distinction turns is whether the motion actually seeks what the Seventh Circuit holds to be within the proper ambit of Rule 41(g), <u>to wit</u>:

> The proper office of a Rule 41(g) motion is ... to seek the return of property ... held an unreasonable length of time without the institution of proceedings that would justify the ... retention of the property. The rule can also be invoked after criminal proceedings have concluded to recover the defendant's property when the property is no longer needed as evidence--unless, of course, it has been forfeited in the course of those proceedings.

United States v Sims, 376 F.3d 705, 708 (7th Cir. 2004)(emphasis added).

It is undisputable that the property here has neither been destroyed, loss, but moreover, certainly not forfeited. Further, as the Court has observed itself in its Order/Advisement of 4-3-08, the subject hereof, "[t]he petitioner seeks the return of $318,955.25 in cash[, inter alia,] seized incident to his arrest in 2004 **but regarding which the government has allegedly declined to press forfeiture proceedings.**" (emphasis added). This observation, coupled with the pronouncement of the Seventh Circuit as delineated above respecting the propriety of bringing such a motion in the case of unreasonable retention, disposes of any question as to the propriety of Defendant's mere 41(g) request. After all, would it not be extremely bizarre to hold that a civil suit against the United States instituted for the purpose of seeking back one's own legitimately acquired and maintained property is a prerequisite to obtaining the return of that same property? Indeed, to so hold would be to confer upon the United States Government an enforceable proprietary interest in citizens' property by virtue of the United States merely seizing same. The distinction between seizure and forfeiture would be completely eradicated, notwithstanding that the concepts are given to differing standards of proof and purposes.

II

3

In that there be no possibility of confusion with regard to what the defendant seeks and intends by way of his causing the filing of the Rule 41(g) request subject hereof, let it be noticed that:

1) Defendant is not seeking any type of award of the United States of america;

2) Defendant is not challenging any administrative forfeiture nor any service deficiency that would form the basis of a challenge to adequacy of notice under the Due Process Clause of the U.S. Const. V Amendment (for that would be a civil matter, of course);

3) Defendant **is** formally requesting that his property -- that is, property that just so happens to be in the mere custody of the United States for the fact that it has not been picked up yet -- be returned to him as provided for by Rule 41(g), F.R.Cr.P.

As far as the new case number assigned to his request, Defendant notifies the Court that, in his layman status, he is unable to determine with any certitude (from the Seventh Circuit authorities) why such action was taken and the significance thereof. Accordingly, Defendant asks that this Court commit this matter to the docket under the designation assigned his criminal matter, and that the Court also advise the defendant of the local rule or possibly practice of this Honorable Court whereby any and all Rule 41(g) motions are categorically treated as, and subject to, civil actions of the sort for which the Prison Litigation Reform Act authorize a Court to require payment of fees for the bringing of.

May it please the Court, Defendant concludes with the fact that he is in no way averse to paying the assessment intending to be levied for the bringing of his 41(g) motion, that is, if this Court is hereafter still of the position that it will nonetheless require him to so remit.

## DECLARATION OF TRUTH AND SERVICE

It being this 9th day of April, 2008, and I, Marvel Thompson, being cognizant of the penalty of perjury as provided for by 28 U.S.C. § 1746, it is accordingly that I aver as follows:

1) all averments and representations made of myself in this motion are true and offered in good faith; and

2) I have this day served counsel for the United states via regular U.S. mail as addressed to :

        Joe Alesia, AUSA
   219 S. Dearborn Street, 5th Floor
      Chicago, Illinois 60604

Executed and attested to by signature below this 9th day of April, 2008:

                      Marvel Thompson
                      Reg. No. 04028-748
                      U.S.P. Pollock
                      P.O. Box 2099
                      Pollock, LA. 71467

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1294 | DATE | 4/3/08 |
| CASE TITLE | Marvel Thompson (#04028-748) vs. United States of America | | |

**DOCKET ENTRY TEXT:**

The petitioner/defendant is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $39.00 filing fee. The clerk is directed to send the petitioner an i.f.p. application along with a copy of this order. Failure of the petitioner to comply within thirty days of the date of this order will result in summary dismissal of this case.

Docketing to mail notices.

■ [For further details see text below.]

## STATEMENT

The petitioner/defendant, a federal prisoner, has submitted a *pro se* motion to return seized property pursuant to Fed. R. Crim. P. 41(g). The petitioner seeks the return of $318,995.25 in cash that was seized incident to his arrest in 2004 but regarding which the government has allegedly declined to press forfeiture proceedings. *See United States v. Thompson*, Case No. 04 CR 0464 (N.D. Ill.).

The petitioner has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the petitioner's trust fund account. Thereafter, correctional authorities having custody of the petitioner will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the petitioner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the petitioner wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court,

(CONTINUED)

mjm

Page 1 of 2

**STATEMENT (continued)**

together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from September 4, 2007, through March 4, 2008].

The petitioner must, within thirty days, **either** file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) **or** pay the full miscellaneous filing fee of $39.00. The clerk will furnish the petitioner with an *in forma pauperis* application along with a copy of this order. Failure of the petitioner to comply within thirty days of the date of this order will result in summary dismissal of this case.

The petitioner is reminded that he must provide the court with the original plus a judge's copy of every document filed; he must also include a certificate of service showing that a copy was mailed to the Assistant U.S. Attorney assigned to the criminal case.

Finally, the petitioner is advised to write his motions and pleadings and motions in plain English. The court does not want or expect the petitioner to attempt to write like a lawyer; using "legalese" will only render his filings incomprehensible.



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

**MICHAEL W. DOBBINS**
CLERK

**PRISONER CORRESPONDENCE**
312-435-5794

March 4, 2008

Marvel Thompson
#04028-748
P.O. Box 2099
Pollock, LA 71467

Dear Mr. Thompson:

We hereby inform you that your cause entitled:

**MARVEL THOMPSON -vs- UNITED STATES OF AMERICA**

has been assigned case number: **08C 1294**

**JUDGE BUCKLO**

and to:

who will rule on your petition.            **MAGISTRATE JUDGE NOLAN**
is the designated magistrate for your case.

Please indicate your assigned case number on all future documents/correspondence submitted to this court regarding the above case. **Furthermore, you must keep the court informed (in writing) of your current address throughout the pendency of your case.** Failure to do so may result in dismissal of your case for want of prosecution.

In the future, if you wish to receive acknowledgment of filing(s), you must submit an original document, a copy for the judge and one additional copy of each document to this court. The additional copy will be returned to you stamped "Received". The exception to this rule is when an amended petition/complaint is submitted. When submitting an amended petition/complaint, you must also submit service copies. We hope this information will assist you in the future.

Sincerely,

Prisoner Correspondent