FILED
AUG 2 2 2008
AUG 22 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v<br><br>MARVEL THOMPSON,<br>　　　　Defendant. | CASE NO. 08-C-1294<br>(Crim. 04-Cr- 464)<br><br><br><br><br>Bucklo, J. |

**DEFENDANT'S OPPOSITIONAL PLEADING TO THE COURT'S: 1) ELECTION TO FORESTALL ENTRY OF DEFAULT AGAINST PLAINTIFF AS MANDATED BY CIVIL RULE 55(a); 2) ENTERTAINMENT OF APPARENT *EX PARTE* COMMUNICATION PERTINENT TO MERITS OF UNDERLYING MOTION; 3) HOLDING OF *EX PARTE* STATUS HEARING W/O MOVANT BEING AFFORDED REPRESENTATION; and 4) UNEXPLAINED DECISION TO EXCUSE PLAINTIFF'S UNDENIED DEFAULT BY WAY OF AFFORDING PLAINTIFF AN UN-REQUESTED EXTENSION OF TIME TO FILE ITS COURT-ORDERED BUT DECLINED RESPONSE.**

COMES NOW Marvel Thompson, the pro se movant in the above captioned cause, pleading in opposition to several related and anomalous actions that this Honorable Court has taken in this matter. In that these actions cannot readily be reconciled with the customary operation of the rules and authorities which supply the protocol for a) party communication with the Court and b) entering default when a party shirks its duty to respond, this pro se litigant deems it imperative to levy contemporaneous objections lest he be later deemed to have been unopposed to the Court's method of procedure here.

May it please the Court.

### I. PROCEDURAL HISTORY

On March 4, 2008, Movant filed with the clerk of this Court an ancillary motion (to the principal criminal action) pursuant to Criminal Rule 41(g), seeking the return of property of his that the United States had seized incident to his arrest but ultimately discovered to be

unforfeitable. Indeed, Movant's acquisition of this property, which includes but is not limited to an approximate cash sum of $318,995.00, was completely legitimate and is readily verifiable as such; Movant's taxable income abounds to attest to his legitimate acquisition and retention of the property in question.

This Court ordered the government to "answer or otherwise respond" to the motion within 21 days of the issuance of such order. *See* 5/16/08 Order. The government, then, had until June 6, 2008 to file its answer or responsive pleading. After near two whole weeks beyond the deadline for the government's response with nothing from the government, on June 18 Movant invoked the provisions of Civil Rule 55(a) to facilitate entry of default against the government. *See* Motion For Entry of Default, Dkt. # 10. Indeed, given the dictate of the rule and the circumstances of the government's declination to comply with this Court's official order, Movant became entitled to the clerk's entry of default against the government under Rule 55(a), as a matter of law. Notably, in his Motion For Entry of Default, Movant explicitly urged that the government be held to the same standard that Movant, or any other American litigant for that matter, would be held to if attempting to file a responsive pleading after the opposing party had formally pointed out and moved for the other party's default. That is, Movant unremarkably urged that the government be required to show cause for its non-compliance before its pleading should be accepted. *See Id.*, at 2 (CONCLUSION).

On July 18, 2008, this Court issued a Notification of Docket Entry[1], Dkt. # 11, wherein it advised that the government, through some undisclosed method of official communication, had advised the Court that it was "working on a **resolution** of the underlying motion." *Id.* (emphasis added). Ascribing to the word "resolution" its plain and common meaning, Movant interpreted

---

[1] It is worthy of note that the caption reflected on this document indicates that this action has been committed to the civil docket; see the caption, i.e., "CV," whereas up until the issuance of this document this action was ascribed a "C" designation.

this advisement as a tantamount to a notification that his default motion was basically moot (as the government was apparently preparing to dispose of the 41(g) motion by returning the property in question), and that there would thus be no further need to litigate this cause. Additionally, the advisement also notified that the Court was "enter[ing] and continu[ing]" Movant's motion for default until 7-25-08. *See Id.* Movant was unable to comprehend exactly what this meant; for he was unable to derive any clarification from Civil Rule 55 regarding a court's "continuing" a motion for default. He concluded that the Court's "enter[ing]" of the motion meant that the default had effectively been entered, although he found it peculiar that the court would not simply Grant his motion to facilitate this.

On 7-25-08, the Court issued another Notification of Docket Entry[2], *see* Dkt. # 12. This document appears to advise that some sort of formal hearing was held on Movant's principal motion (the 41(g) motion) in his absence. It further notified that a "Status Hearing" would be convened on 8-15-08 @ 9:45 a.m. No mention was made of the default motion, which was at that time the pleading of the moment given the government's failure to respond as ordered, as well as its ex parte advisement of its intent to resolve the matter in lieu of responding in opposition.

Finally, on 8-15-08, the Court seems to have held another formal hearing regarding not Movant's Motion For Entry of Default, but the underlying 41(g) motion itself. This is sufficiently perplexing, as it was the motion for default and the government's *ex parte* advisement of its intent to **resolve** the matter that occasioned the ordering of thus nondescript "status hearing" in the first instance. As a result of the hearing, the Court issued an entry which *sua sponte* absolved

---

[2] The caption upon this document continues to depict this action as being on the civil docket, i.e., 08-CV-1294. The metamorphosis that this action has apparently undergone since Movant's Motion For Entry of Default, which was filed under the caption assigned this cause as reflected on the March 4, 2008 Cover Sheet, Dkt. # 2, it not at all clear. This in itself makes for a further anomaly. Has some sort of conversion taken place unbeknownst to the movant?

3

the government of its default, and accordingly provides for an un-requested and unjustified extension of time within which the government should file its response to the underlying 41(g) motion. As it stands, the matter is presently set for yet another "status hearing" to occasion on 9-19-08.

Movant is completely eluded by the Court's actions on his simple default request for all of the above, and objects accordingly as detailed below.

## II. EXPLANATION OF OBJECTIONS

As a pro se litigant, this movant recognizes the importance of researching the rules he intends to rely on before he submits a motion based thereupon. Indeed, before invoking the provisions of Rule 55(a), F.R.Civ.Pr., to facilitate the entry of default against the government, Movant spent weeks ensuring that he commanded an astute understanding of the mechanics of the rule. After making certain that he was substantially correct in his assertion of entitlement to entry of default against the government for its election to disobey this Court's order to respond, it was only then that Movant filed his Motion For Entry of Default.

The motion fell within the scope of the clerk's ministerial duties. According to the rule, the clerk was required as a matter of law to enter the government's default upon determining that the requisite criteria had been met, period. The rule does not provide for any procedure by which the action compelled by a conforming motion under 55(a) can be deferred or continued, nor does it provide for conditional entry of the motion. Nevertheless, this Court has done precisely that.

Further, the sequence of events leading up to the government's *ex parte* declaration of its intent to resolve this matter--that is, Movant's default motion and request to show cause prompting the government to declare its amenability to resolution of the 41(g) motion in lieu of formally addressing the merits of the default motion--effectively committed the government to making good on its declared intent to "resolve" the matter. Otherwise, the government would

4

necessarily be guilty of having bought time by means of a dilatory tactic, *i.e.*, falsely claiming to be working on resolution.

In that the government has neither asked to be allowed to change its declared position on resolution and thus has not filed any paper demonstrating cause so as to entitle it to now file its response some 10 weeks late, Movant can only surmise that it is this Honorable Court's own interest in the way this matter should be resolved that has prompted it to abrogate the government's default and clear the path for it to now respond. The implications of all of the above are troubling.

### Objection One: The Court's Election To Forestall Entry of Default by District Clerk

Civil Rule 55(a) is cast in mandatory rather than precatory terms; that is, it is impervious to judicial discretion that the clerk of the court "must" enter the non-moving party's default when the moving party has shown by way of affidavit that the responding party has failed to respond or otherwise defend as ordered. *See, e.g. United States v Doherty*, 867 F.2d 47, 63 (1st Cir. 1989)(observing that, if Criminal Rule 14 were cast to include the word "must" in place of "may," the function to be facilitated under the rule would not be committed to judicial discretion, but would therefore be mandatory); *Culbert v Young*, 834 F.2d 634, 628 (7th Cir. 1987)("[t]he word 'should,' unlike the words 'shall,' 'will,' or 'must,' is permissive rather than mandatory."); *cf. Howard Johnson In'tl, Inc. v Inn Development Inc.*, 2008 U.S. Dist. LEXIS 32323 ("The responsibility of a court to assess expenses, including attorney fees, is mandatory--the rule uses the word 'must'").

The Supreme Court's usage of the word "must" in the crafting of Rule 55(a) is no different than had it used the word "shall." Wherefore is because, "[t]hat 'shall' is equivalent to the word 'must' is a familiar canon of statutory as well as constitutional construction." *NAACP v*

5

*Lansing Board of Education*, 429 F. Supp. 583, 615 n. 87. *See, e.g., Lopez v Davis*, 531 U.S. 230, 241, 148 L.Ed.2d 635, 121 S.Ct. 714 (2001)(noting Congress' "use of a mandatory 'shall' ... to impose discretionless obligations"); *Lexecon Inc. v Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 140 L.Ed.2d 62, 118 S.Ct. 956 (1998)("[T]he mandatory 'shall' .. normally creates an obligation impervious to judicial discretion"); *Association of Civil Technicians v FLRA*, 22 F.3d 1150, 1153 (D.C. Cir. 1994)("The word 'shall' generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive"). If this is correct and still the prevailing law, Rule 55(a), then, imposes a compulsory duty upon the clerks of the district courts to enter a party's default on the docket upon the moving party showing by way of affidavit that the other party has failed to plead or otherwise defend as required by Civil Rules 8 and 12. Movant has indisputably made such showing. *See* Motion For Entry of Default.

Why the clerk of this court has to date refused to carry out its duty is both unclear and disturbing. Do not the Federal Rules of Civil Procedure enjoy due regard with the clerk for the Northern District of Illinois?

In all due respect, however, it is only fair to point out that it is this Court, though, which seems to have forestalled the clerk from carrying out this compulsory function. Taking, for example, the fact that this Court has continued to schedule hearings focusing on the principle motion (Dkt. # 1), *see* Dkt. ## 12 & 13, whereas the government is currently in default and hence must first surmount that hurdle before obtaining the right to be heard on the merits of the principle motion, one can only conclude that this Court is set against resolving this matter in the fashion contemplated by Rule 55 when default arises. But for the fact of the foregoing, Movant would be warranted in presuming that it was the clerk who is negating the mandate of the rule.

On the basis of the foregoing, Movant objects to the clerk's utter failure to comply with

6

the non-discretionary protocol set forth by Civil Rule 55(a). It is further that Movant objects to this Court treating as nonexistent the circumstances surrounding the government's default; refusing to afford Movant's default motion real consideration and thereby causing undue delay to the Movant in his endeavor to move on to the stage where he may move under Rule 55(b) for judgment of default; and all other actions which are not consonant with a party being in default and having had such default formally noticed unto the Court.

### Objection Two: Apparent *Ex Parte* Communication

On July 18, 2008, this Court issued a "Notification of Docket Entry," Dkt. # 11, whereby it advised the movant that the government had communicated to the Court its intent to resolve the underlying matter. Movant is absolutely oblivious to what medium of communication was utilized by the government in carrying out this putative advisement. Moreover, Movant is still in the dark as to whether thus advisement was accompanied by other information pertinent to this cause or if it was reported in complete.

Movant objects to this *ex parte* communication for obvious reasons and opines that the appearance of propriety is definitely not subserved by such exclusionary communication. Movant duly request that the particulars of this communication be published unto him, lest his due process rights be impugned.

### Objection Three: *Ex Parte* Hearings

On July 25, 2008, this Court issued another Notification of Docket Entry, this time notifying the movant that his motion for return of property had been "heard" and "continued to a status hearing set for 8/15/08 @ 9:45 a.m." Dkt. # 12. Given the eccentric manner in which this matter has proceeded thus far, as detailed above, Movant is curious as to whether the government

was present at this hearing without Movant being afforded a corresponding opportunity. At bare minimum, Movant feels it reasonable to request a synopsis of what occurred at his hearing.

Movant objects accordingly.

### Objection Four: Sua Sponte Pardon of Government From Its Default Status and Unexplained/Un-Requested Grant of Extension For Government to File the Very Response That It Opted To Forego In Favor of Resolving the Underlying Motion.

In response to the movant's Motion For Entry of Default, the government declared its position (*ex parte*) to be that it would *resolve* the underlying motion--a motion in relation to which it was then in default for having defied the Court's order to respond to. Despite its troublesome *ex parte* nature, the responsive advisement that the government rendered to this Court certainly constitutes the government's official response to the movant's default motion.

As such, and insomuch as a party may not blow hot and cold as is expedient to the occasion, the government is officially estopped from jettisoning its own declared position on resolution, only to elect in the 13th hour to oppose the underlying motion. For one, the government has forfeited the available forum to respond in opposition to the underlying 41(g) motion, as its election to file no responsive pleading whatsoever is the very basis of the now-abounding default motion. Two, it would be improper, as well as eminently unfair to the movant, for the government to be afforded an undue second opportunity to respond yet again. For, again, the government has exercised its opportunity to respond. *See* Dkt. # 11 (reflecting the fact that, in response to Movant's default motion, the government declared its official position as resolution-ready and unopposed).

Notwithstanding the import of the above, this Court has constructively usurped the Supreme Court in its exclusive power to have Civil Rule 55 function as it prescribed it to, *see* 28

8

U.S.C. 2072(a), insofar as the manner in which the Court is facilitating this instant default proceeding is more than novel and certainly irreconcilable with the contemplation of the rule.

Specifically, on 8/15/08, the Court again scheduled the government for response to the underlying 41(g) motion. This is incomprehensible seeing as how there is pending and entrusted with this Impartial Federal Court of American Justice a motion under Civil Rule 55(a)--though technically coming under the dispositive authority and responsibility of the district clerk. In any event, this motion operates to preclude the government from summarily by-passing the legal impediment that this default motion erects, such that the government is enjoined by operation of Rule 55 from simply responding to the underlying motion to the nullification of the default motion.

For the government to whimsically be availed the unprecedented privilege of addressing the merits of the very motion that it is currently pending an inevitable finding of default on is stultifying. Indeed, this would eviscerate the substance of a Rule 55(a) motion; for it will be as though no such motion was ever filed.

Movant respectfully objects to the Court's *sua sponte* ordering of the government to respond to the underlying motion which it has not shown cause for its default on. Movant contends that the pending Motion For Entry of Default, Dkt. # 10, must be disposed of before the government can legitimately and consistent with Rule 55 be restored the right to address the underlying motion.

Importantly, however, even upon disposition of the default motion, the government will nonetheless remain unable to file an oppositional pleading to the underlying Rule 41(g) motion because 1) the government would be judicially estopped from taking a position contrary to its former declared position, and 2) in responding to the movant's default motion (as was it afforded an opportunity to do) the government chose not to articulate cause for its default. *A fortiori*, the

government is presently barred for that reason as well from having any responsive pleading entertained by this Court.

Movant objects accordingly.

### III. CONCLUSION

The foregoing premises and objections considered, it is proper and commensurate with a straight forward application of the relevant law that this Court sustain these objections. The clerk should therefore be ordered to enter the government's default without further unjustifiable delay; the government should be required to serve upon the movant a verified memorandum detailing, in complete, the substance of the communication by which it put this Court on official notice of its intent to resolve the underlying motion, see Dkt. # 11; the 8/15/08 order of this court unduly restoring unto the government a successive opportunity to respond to the underlying motion should be vacated; and an immediate accounting as requested in the principal motion, see Dkt. # 1 at 9(C), should be ordered in furtherance of the speedy resolution of the demonstratively unopposed Rule 41(g) motion.

### IV. CERTIFICATE OF SERVICE

I have this 18th day of August, 2008, turned over to mailroom staff here at the United States Penitentiary Pollock, for forthright forwarding to the attorney for the government, a true and exact copy of this document, first class postage prepaid and addressed to:

Joe Alesia, AUSA
United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

Marvel Thompson, Pro Se
Reg. No. 04028-748
United States Penitentiary Pollock
P.O. Box 2099
Pollock, Louisiana 71467