```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

**MARVEL THOMPSON,**               )
                                   )
    v.                             )    08 C 1294
                                   )
**UNITED STATES OF AMERICA,**      )
                                   )

### MEMORANDUM OPINION AND ORDER

Currently before me is Midwest Partners' ("Midwest") motion to intervene in this action pursuant to Fed. R. Civ. P. 24. For the reasons explained below, the motion is denied.

### I.

In May 2004, the government arrested Marvel Thompson ("Thompson") on drug conspiracy charges. At the time of the arrest, the government seized roughly $320,000 in United States currency from Thompson. In 2007, he plead guilty and was sentenced to 540 months in prison and a fine of $100,000. In March 2008, Thompson filed a motion under Fed. R. Crim. P. 41(g), seeking return of the seized funds. In December 2008, Midwest moved to intervene, claiming that it is "the holder of an unsatisfied judgment [against Thompson] entered in its favor on January 21, 2004 and against Plaintiff, in the amount of $28,774.01."[1] Motion

---

[1] This figure is listed in Midwest's original motion to intervene. In its renewed motion to intervene, Midwest claims that, as of March 1, 2010, Thompson owes it a total of $44,938.05,

to Intervene ¶ 3. For its part, the government opposed Thompson's motion on the ground that he had paid little more than $1,000 of his $100,000 fine and because of a tax dispute with the IRS over roughly $200,000 in unpaid taxes.

In a companion order entered on this date, I granted Thompson's motion in part and denied it in part. Specifically, I concluded that a portion of the funds should be applied toward payment in full of Thompson's fine; the rest of the money may be considered Thompson's for purposes of his tax dispute with the IRS, but it would remain in the government's possession until the dispute is settled. In the present order, I explain why Midwest's motion to intervene is denied.

## II.

Fed. R. Civ. P. 24 provides for intervention under two circumstances:

> **(a) Intervention of Right**. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

which includes a sum of $29,015.00 plus interest at a rate of nine percent.

**(b) Permissive Intervention.**

> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(a)-(b).

Midwest first argues that it is entitled to intervene as of right under Rule 24(a). I disagree. The Seventh Circuit "has determined that intervention as of right is required only where parties establish that: (1) their motions to intervene were timely; (2) they possess an interest related to the subject matter of the . . . action; (3) disposition of the action threatens to impair that interest; and (4) the parties fail to represent adequately their interest." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007) (quotation marks and brackets omitted). "A failure to establish any of these elements is grounds to deny the petition." *Id.* "The burden is on the party seeking to intervene of right to show that all four criteria are met." *Zurich Capital Markets Inc. v. Coglianese*, 236 F.R.D. 379, 383 (N.D. Ill. 2006) (quotation marks omitted).

Midwest's motion fails at the outset because its arguments have not been adequately developed. Aside from submitting a copy of the default judgment against Thompson, Midwest offers only

terse, conclusory assertions in support of its motion.  Indeed, Midwest failed to develop its position even after Thompson raised several pointed objections in response to its motion. *See, e.g.*, *United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008) (finding inadequately developed arguments without substantive legal authority waived).

Midwest has also failed to establish any of the requirements necessary for intervention as of right.  The timeliness of Midwest's motion is highly doubtful, particularly in view of the fact that the judgment was entered in 2004.  Midwest does not say whether it has made any previous attempt(s) to enforce the judgment, nor why, if such efforts were not made, Midwest has waited until now to seek collection of the debt.  I cannot exclude the possibility that Midwest has a reasonable explanation for this apparent delay; but by failing to present the explanation in its motion (or in its renewed motion), it has foregone the opportunity to do so.

Midwest also has not shown that it possesses an interest sufficient to justify its intervention in the litigation.[2]  The

---

[2] Thompson raises several challenges to the validity of Midwest's judgment.  Among other things, he argues:

> If there was a legitimate proceeding initiated in an Illinois court, applicant would have been required under Illinois law commence the action via a complaint and service of process on Thompson as required by 735 ILCS 5/2-201, *et seq*.  Applicant has not put forth any information in its motion to establish that the court

Seventh Circuit has often observed that the "'interest' required by Rule 24(a)(2) has never been defined with particular precision," and that "[w]hether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination." *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380-81 (7th Cir. 1995). Courts have repeatedly affirmed, however, that the interest must be "direct, significant legally protectable." *Reich*, 64 F.3d at 322. Courts have also emphasized "that a mere 'economic interest' is not enough," and that "the fact that you might anticipate a benefit from a judgment in favor of one of the parties to a lawsuit -- maybe you're a creditor of one of them -- does not entitle you to intervene in their suit." *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009). Instead, the "'interest' required for intervention as a matter of right . . . is that the suitor be someone whom the law on which his claim is founded was intended to protect." *Id.*

In *Flying J*, for example, the plaintiff sought to enjoin the state from enforcing the Wisconsin Unfair Sales Act, which

---

    proceeding discussed in i1$ motion was properly initiated against Thompson in an Illinois court, or that Thompson was ever made aware of the same via proper service of process.

Opposition to Motion to Intervene (Doc. 35) ¶ 11. For purposes of this motion, I put these to one side.

prohibited retail sellers of gasoline from selling their product below a certain price. The district court granted the injunction, holding that the Wisconsin Act was preempted by the Sherman Act. A group of Wisconsin gasoline dealers moved to intervene, but the district court denied the motion. On appeal, the Seventh Circuit reversed, holding that the dealers were entitled to intervene as of right. The court noted that the Wisconsin Act was special interest legislation designed precisely to benefit retailers such as the gas dealers who were seeking to intervene. Thus, the court concluded, "[t]he interest of the private persons intended to be benefitted by the Unfair Sales Act in the preservation of this remedial scheme is . . . sufficient to warrant intervention under Rule 24(a)(2)." *Id.* at 572.

Midwest's interest vis-à-vis Thompson's Rule 41 motion is altogether different. Midwest has no stake in the underlying legal issues or the subject matter of the dispute between Thompson and the government. On the contrary, its interest is a purely practical, economic one -- namely, to protect its ability to collect its debt. Simply put, an interest of this kind does not satisfy Rule 24(a). *See, e.g.*, *In re Kreisler*, Nos. 07 C 4293, 02 B 21934, 2007 WL 2948363, at *2 (N.D. Ill. Oct. 4, 2007) ("A purely economic interest is insufficient to justify intervention."); *Zurich Capital Markets*, 236 F.R.D. at 385 (same); *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004)

("[A]n allegedly impaired ability to collect judgments arising from past claims does not, on its own, support a right to intervention. To hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded.").

Nor has Midwest shown that its ability to collect its debt will be impaired if it is not allowed to intervene. The "existence of 'impairment' depends on whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding. Potential foreclosure is measured by the general standards of stare decisis." *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982). Nothing in Midwest's motion suggests the impossibility of enforcing its judgment in a separate action. *See, e.g., Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994) (party's interests were not impaired where he had the ability to initiate his own suit against the defendant in order to recover his share of alleged partnership earnings); *Jones v. GES Exposition Services, Inc.*, No. 02 C 6243, 2004 WL 2011396, at *8 (N.D. Ill. Sept. 7, 2004) ("[W]here the disposition of a suit will not bar a proposed intervenor from asserting his or her rights in a separate action, the 'impairment' prong of 24(a) typically is not met.").

Midwest's argument for permissive intervention likewise fails. "Rule 24(b) vests district courts with considerable discretion when

deciding whether to permit intervention by third parties seeking to protect their interests in a particular action." *Griffith v. University Hosp., L.L.C.*, 249 F.3d 658, 661-62 (7th Cir. 2001)(quotation marks omitted). "Permissive intervention is proper if the movant shows (1) it shares a common question of law or fact with a party; (2) its application is timely; and (3) the court has independent jurisdiction over the claims." *In re Old Bank One Shareholders Securities Litigation*, No. 00 C 2100, 2007 WL 4592076, at *3 (N.D. Ill. Dec. 28, 2007).

Midwest's motion makes no attempt to show that any of these factors is present here. In fact, it offers only a single sentence in support of its request for permissive intervention, stating merely that "if this Court finds that Midwest does not have the right to intervene, the Court should permit Midwest to intervene because it has a claim to the funds at issue in this case." Motion to Intervene ¶ 7. Thompson's property is already subject to competing claims by the IRS, and it is unknown whether still other creditors might have a claim to Thompson's funds. The IRS is not a party to these proceedings, and Midwest has provided no basis for determining whether its interest in Thompson's funds is superior to the IRS's. Attempting to resolve these issues in the context of Thompson's Rule 41 motion would be unduly complicated and would result in unreasonable delay.

Because Midwest has failed to meet the requirements for

intervention as of right or for permissive intervention, its motion to intervene is denied.

### III. Conclusion

For the reasons discussed above, Midwest's motion to intervene is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: June 25, 2010